### T. F. McMechan v. T. P. Christy.

Record—*Motion to Dismiss Appeal From Probate to District Court, and Motion for New Trial No Part of, Without Case-Made or Bill of Exceptions.* Under the code of 1893, a motion to dismiss an appeal from the probate court to the district court, and a motion for a new trial, and the evidence taken on the trial in the district court, and the exceptions made to the various rulings of the district court upon these matters, are not a part of the record without a case-made or bill of exceptions, and a transcript of the record of the district court presents no questions, in this court, for a review of the actions of the district court in its rulings upon such motions.

*Error from the District Court of Kingfisher County.*

*Hobbs & Kane*, for plaintiff in error.

*T. G. Cutlip*, for defendant in error.

The opinion of the court was delivered by

Bierer, J.: To the petition in error in this case is attached a transcript of the record of the court below, duly certified by the clerk of the district court. The errors assigned in the petition are to matters which occurred upon the trial and to the overruling of the motion of plaintiff in error for a new trial, and to the overruling of the motion of plaintiff in error, made in the district court, to dismiss the appeal taken to that

court from the judgment of the probate court. This transcript purports to contain all of the original pleadings filed in the probate court, and which were used upon the trial in the district court, the motion made by plaintiff in error in the district court to dismiss the appeal taken by defendant in error from the probate to the district court, the evidence offered in the case, with the rulings thereon, the verdict of the jury, the motion for a new trial, the judgment of the court overruling the same with the exceptions thereto, and a statement that ninety days' time was given defendant below, plaintiff in error here, to prepare a bill of exceptions. There is, however, no certificate showing that the judge of the district court ever signed the record as a bill of exceptions, or settled it as a case-made. There is nothing attached to this record but the certificate of the clerk of the district court. This being the case, there is nothing presented to this court for review.

None of the errors assigned arise upon the transcript of the record. The particular matter urged in this court by plaintiff in error, and opposed by defendant in error, is upon the action of the court below in overruling plaintiff in error's motion to dismiss the appeal from the probate court. This matter, however, cannot be reviewed upon the record before us, for such a motion, without a bill of exceptions or case-made, is not a part of the record which can be brought to this court by a transcript. This case was brought under the Code of 1890, but was tried after the taking effect of the Code of 1893, and by the latter Code its provisions were to apply after judgment (§ 4633 Code of 1893.) Sections 4306 and 4307, of the Code of 1893, require the clerk to make a complete record of every cause as soon as it is finally determined, and provides for the signing thereof by the judge of the court. Section 4308 of the same Code provides: ''The record shall

be made up from the petition, the process, return, the pleadings subsequent thereto, reports, verdicts, orders, judgments, and all material acts and proceedings of the court." *   * · *

Section 3964, of the same Code, provides: "The only pleadings allowed are, first, the petition by the plaintiff; second, the answer or demurrer by the defendant; third, the demurrer or reply by the plaintiff; fourth, the demurrer by the defendant to the reply of the plaintiff."

From these sections it will be perceived that a motion to dismiss an appeal, a motion for a new trial, the evidence used on the trial and the rulings of the court and exceptions thereto, are not a part of the record. Other portions of the Code provide for bringing into the record by case-made all such matters which are not otherwise a part of the record, and further provide for the bringing of the cause to this court, upon a transcript, or on a case-made. Upon a transcript of the record no questions can be considered except those which appeal from a consideration of the record as made in the court below, and the errors assigned not being presented upon the transcript, and no bill of exceptions or case-made having ever been filed in the court below, nothing is presented for our consideration in this case, and the judgment below is affirmed with costs against plaintiff in error.

Burford, J., not sitting; all the other Justices concurring.