## CITY OF KINGFISHER v. WILSON S. PRATT.

1. RECORD—*How Preserved.* Matters which are not by statute authorized to be made a part of the record except by case made or bill of exceptions, cannot be brought to this court on a certificate of the clerk, and errors assigned thereon.

2. MUNICIPAL CORPORATION—*Mistake in Name.* While a municipal corporation should always be sued in its proper name, where it is not so sued, but is sued by an incorrect name and the defendant answers and goes to trial without objection and judgment is rendered, without objection, against the municipal corporation in its proper name, there is no error.

*Error from the District Court of Kingfisher County.*

*Boynton & Smith* and *F. L. Boynton, City Attorney,* for plaintiff in error.

*James A. Morris,* for defendant in error.

The opinion of the court was delivered by

BIERER, J.: This cause is brought here by petition in error to reverse the judgment rendered by the district court of Kingfisher county in favor of Wilson S. Pratt and against the city of Kingfisher in the sum of five hundred dollars for damages which the plaintiff sustained by reason of falling into a deep and and dangerous hole and excavation in the streets of said city.

The plaintiff filed his complaint in the cause on March 4, 1893, answer was filed on March 16, 1893, and judgment rendered on the 21st day of February, 1894.

The plaintiff assigns eleven different errors for a reversal of the judgment of the trial court, but if any error was committed, there is not a single one shown by the record in the case.

No case made or bill of exceptions was ever filed, and the record could therefore by transcript, as the case is

attempted to be brought here, only bring such matters as could properly appear upon the record of the cause without a bill of exceptions.   (*McMechan v. Christy*, 3 Oklahoma, 301, 41 Pacific, 382).   And-the questions sought to be presented are not of this character.

The plaintiff in error complains because he alleges the suit was brought by Pratt against Gage, Callahan and others, as president and board of trustees of the village of Kingfisher City, and he claims that the corpora tion could not be sued as such.

The complaint, as it appears in the record, shows that the suit was brought by Wilson S. Pratt against the village of Kingfisher City.   It is true it also shows that the names of those who were the trustees were, also, at one time contained in the complaint; but these names appear to have been erased at some time, whether before or after the complaint was filed does not appear in it. Although it would seem to be shown by numerous affidavits, which are contained in the transcript, that it was done after the suit was brought, yet these affidavits cannot be considered, because they were never made a part of the record.

The complaint alleged that the village of Kingfisher City was a municipal corporation.   The answer of the defendant was a general denial, except that it specifically admitted that the defendant was a municipal corporation as charged in the complaint, and styled itself, also, as the village of Kingfisher City, in the same manner as it was named in the complaint, and the record properly considered shows that this answer was filed without any objection whatever to the complaint, and the only part of the record that we can consider also shows the cause proceeded to trial in this form, without any objection whatever, and that a judgment was rendered against the vil-

lage of Kingfisher City, now the city of Kingfisher, also without any objection on the part of the defendant.

There was undoubtedly a mistake in the name of the defendant, for by the law as it existed in 1893 when the suit was brought, the corporation could not have been the village of Kingfisher City, for whether it was a city of the first class or whether it was governed by ch. 15 of the laws of 1893 relating to cities, towns and villages, this would not have been its proper name. If it was a city of the first class, the name of the defendant should have been "City of Kingfisher." (Section 540 of the Statutes.) If it was a corporation under ch. 15, relating to cities, towns and villages, it should have been sued by the name of "Town of Kingfisher." (Section 658.) But the defendant waived any objection to this defect by filing its answer and going to trial and letting judgment be rendered in its proper name without objection. We say in its proper name, because there is no contention but that at the time the judgment was rendered the defendant's name was "City of Kingfisher."

There was a motion to set aside this judgment on account of various defects and irregularities in the proceedings, but this was never incorporated into the record by case made or bill of exceptions, and the rulings thereon cannot be reviewed.

No reversible error appearing in the record of the cause, the judgment must be affirmed, which is accordingly done, at the cost of the plaintiff in error.

Burford, J., having presided in the court below, not sitting; all the other Justices concurring.