ELIJAH E. LOOKABAUGH V. JOHN LAVANCE.

(Filed July 30, 1897.)

1. AMENDMENT· TO PETITION. Where a suit is brought to recover
the purchase price of a possessory right to, and improvements
upon, a claim, on which plaintiff held the homestead entry, it is
proper for the court to allow an amendment to the petition
changing the description of the land from the southwest quarter
of section No. 23, to the southwest quarter of section No. 25, in
township No. 15 north, range 11 west, I. M.

2. TRANSCRIPT—*Insufficient to Present Errors.* Matters which are not
a part of the record, except when brought into it by case made
or bill of exceptions, cannot be presented to this court upon a
transcript of the record.

(Syllabus by the Court.)

*Error from the Probate Court of Blaine County; before
Leander Martin, Probate Judge.*

*Lookabaugh Bros.,* for plaintiff in error.

No appearance for defendant in error.

Suit to recover money.    Judgment for plaintiff for
$520.40 and costs from which defendant appeals.
Affirmed.

Opinion of the court by

BIERER, J.: John La Vance sued the plaintiff in error,
Elijah E. Lookabaugh, in the probate court of Blaine
county, to recover the sum of $500, with interest, which
he alleged was due him as the purchase price of the south-
west quarter of section 25, township 15 north, range 11
west, I. M., upon which plaintiff had a homestead entry,
and for plaintiff's improvements thereon.

The plaintiff, during the trial of the case, amended his petition so as to allege that the claim sold was the southwest quarter of section number 25, instead of the same quarter of section 23, in the same township and range as stated in the petition. Judgment was given for the plaintiff for the sum of $500, interest and costs, and the defendant has assigned a number of errors for a reversal of the case. There is only one, however, that is presented by the record, and that is the error assigned on permitting the amendment to the petition, and manifestly there was no error in this, the only amendment made being in the number of the section which it was alleged the land was in.

The other errors assigned are to the overruling of motion to quash the summons, overruling of motion for change of venue, overruling motion for continuance, error in refusing to permit plaintiff in error to introduce evidence in the case, in sustaining demand for judgment by defendant in error, error in rendering any judgment in said cause against the plaintiff in error, error in overruling defendant's motion for new trial.

No case made was served, signed or settled by which to preserve the questions sought to be brought here, and no bill of exceptions filed. Plaintiff in error seeks to present them by transcript but none of these matters excepting the exception taken to the filing of the amended petition could be preserved in that way. (*McMechan v. Christy*, 3 Okla. 301.)

The judgment of the court below is affirmed with costs.

All the Justices concurring.