Hon. JNO. H. BURFORD, Chief Justice.
Hon. BAYARD T. HAINER,
Hon. BENJ. F. BURWELL,
Hon. CLINTON F. IRWIN,       Associate Justices.
Hon. JNO. L. McATEE,

---

Frank Menten v. Otto A. Shuttee *et al.*

(Filed January 14, 1902.)

1. MOTIONS—Appeal—Bill of Exceptions. Motions presented in the trial court, the rulings thereon and exceptions are not properly part of the record, and can only be preserved and presented for review on appeal by incorporating the same into a bill of exceptions or case-made.

2. RECORD, WHAT CONSTITUTES—Bill of Exceptions. The record proper in a civil action consists of the petition, answer, reply, demurrers, process, rulings, orders and judgment. And incorporating motions, affidavits or other papers into a transcript will not constitute them a part of the record, unless made so by a bill of exceptions.

3. MOTIONS—Appeal—Bill of Exceptions. Motions and proceedings which are not part of the record proper, can only be presented for review by incorporating them into a case-made, or by preserving them by bill of exceptions and embracing them in the transcript.

4. ERROR—Review of. The supreme court will not review alleged error of the trial court, unless the error complained of is in some manner assigned for review by the petition in error.

5. SAME—REVIEW OF—Demurrer. A ruling of the court upon a a demurrer to the petition may be presented by a transcript, without bill of exceptions, or case-made, provided the ruling upon the demurrer is one of the assignments of error in the petition in error.

(Syllabus by the Court.)

*Error from the District Court of Canadian County; before Jno. H. Burford, Trial Judge.*

R. B. *Forrest*, A. H. *Baldwin* and J. I. *Phelps*, for plaintiff in error.

*Blake*, *Blake & Beeks*, for defendants in error.

PER CURIAM: The defendants in error brought an action in the district court of Canadian county against the plaintiff in error to enjoin him from engaging in and carrying on the business of a retail liquor dealer in the business portion of the city of El Reno, where the principal retail merchandising is carried on, and where no saloons are located. The plaintiffs in said cause alleged that they were tax payers in the ward and that the defendant had procured a license from the county clerk without having filed a petition signed by the required number of resident tax payers; without having given the notice by publication as required, and without having executed the bond as provided by statute, and that he was proposing to open up a saloon and carry on the retail liquor business under such license, which it was alleged was void, and that said saloon would be a public nuisance, injure their business and trade, depreciate the value of their property, and cause them to suffer irreparable loss, and to involve them in a multiplicity of law suits.

The defendant demurred to the amended petition, which was overruled, and a temporary order of injunction granted.

The defendant then moved to dissolve the temporary order, which motion, after hearing and consideration, was overruled. The defendant then elected to stand upon his demurrer, and refused to plead further.    The temporary injunction was made perpetual, and he now appeals from the final judgment.

The case is brought here on a transcript; no bill of exceptions was filed in the court below to preserve any of the motion, ruilings or exceptions.

This court has repeatedly held that only the petition, answer, reply, demurrers, process, orders and judgments, are parts of the record, and in order to present motions, affidavits, evidence, instructions and other preliminary proceedings, the same must be brought into the record by bill of exceptions or case-made. (*McMechan v. Christy,* 3 Okla. 301; *City of Kingfisher v. Pratt,* 4 Okla. 284; *Black v. Kuhn,* 6 Okla. 87; *Board Co. Com. Logan Co. v. Harvey,* 5 Okla. 468; *Lookabaugh v. LaVance,* 6 Okla. 358; *Territory ex rel. Taylor v. Caffrey,* 8 Okla. 193; *Caffrey v. Overholser,* 8 Okla. 202.)

The amended petition and the demurrer thereto and ruling thereon present the only question apparent upon the face of the transcript that can be reviewed.

The ruling upon a demurrer to a pleading may be brought up by a transcript and the ruling of the court upon a demurrer will be reviewed, although not presented to the court below by motion for new trial.    (*Board v. Harvey,* 5 Okla. 468; *Ter. ex rel. Taylor v. Caffrey,* 8 Okla. 193.)

While the ruling upon the demurrer to the amended petition is the only question presented by the transcript which under our practice is proper for consideration, that ruling is

not assigned as error, and is not reviewable. This court will not review rulings and orders of the trial court which are not complained of and embraced in the petition in error.

The petition in error in this case makes no reference to the overruling of the demurrer to the petition. The presumption is, in the absence of an affirmative showing, that the judgment of the court was right.

The judgment of the district court of Canadian county is affirmed, at the costs of the plaintiff in error.

Burford, C. J., who tried the cause below, not sitting.