## J. B. McCARTHY v. D. BENTLEY.

(Filed September 6, 1905.)

1. **PRACTICE—Appeal—Motions.** Motions presented in the trial court the rulings thereon, and exceptions, are not properly part of the record, and can only be presented and preserved for review on appeal to the supreme court by incorporating the same into a bill of exceptions, or case made.

2. **APPEAL—Errors.** The record in this case discloses no error which can be reviewed by this court.

(Syllabus by the Court.)

*Error from the Probate Court of Caddo County; before M. N. Gish, Trial Judge.*

*F. E. Riddle,* for plaintiff in error.

*A. J. Morris,* for defendant in error.

Opinion of the court by

BEAUCHAMP, J.: On the 3rd day of October, 1903, the defendant in error, D. Bentley, filed his petition in the probate court of Caddo county, praying judgment upon an attachment bond executed by the Williamson-Halsell-Frasier Co., and the plaintiff in error, J. B. McCarthy, for the sum of $235.00, for damages for wrongfully causing an attachment to be levied upon certain personal property belonging to defendant in error. Answer was filed by the Williamson Halsell-Frasier Co. and McCarthy. The case came regularly on for trial on the 25th day of January, 1904. Bentley appeared in person and by his attorney; McCarthy and his co-

defendant the William-Halsell-Frasier Co. not appearing Trial was had resulting in a judgment against Bentley and the Williamson-Halsell-Frasier Co., and on the 28th day of January, 1904, F. E. Riddle, as attorney for the defendants, made application for a new trial on behalf of the Williamson-Halsell-Frasier Co., which was by the court granted, and the cause as between Bentley and the Williamson-Halsell-Frasier Co. was set for trial on the 9th day of February, 1904, and on that day, Bentley appeared by his attorney and the Williamson-Halsell-Frasier Co., by its attorney, and the Williamson-Halsell-Frasier Co., and McCarthy moved the court to correct the journal entry made on the 28th day of January, 1904, upon the motion for a new trial, for the reason that said motion for a new trial was made on behalf of both defendants, (Williamson-Halsell-Frasier Co. and McCarthy); that defendants were both represented by the same attorney of record; that said attorney presented said motion on behalf of both defendants; which motion was by the court heard and overruled. Thereupon the Williamson-Halsell-Frasier Co. answered ready for trial, and the plaintiff dismissed as to it, leaving the judgment standing against the plaintiff in error, McCarthy.

So far as the record in this case discloses, no exceptions were saved by McCarthy, by bill of exceptions or otherwise.

The case is brought here by McCarthy by petition in error, and what purports to be a transcript of the record and of the files and proceedings in the probate court.

The petition in error contains five assignments of error;

"1st. That said court erred in entering up a judgment on his docket showing that a new trial had been granted as to the Williamson-Halsell-Frasier Company, principal on said bond, and leaving the judgment still in force against this plaintiff in error as surety on said bond.

"2. The court erred in refusing to correct the journal entry in order that it might show that a new trial was granted as to both defendants.

"3. The court erred in not setting the judgment aside as to this plaintiff in error, the surety on said bond, after the Williamson-Halsell-Frasier Company, principal on said bond, had been released from any liability.

"4. The court erred in its refusal to grant a new trial as to this plaintiff in error.

"5. The court erred in overruling the motion of plaintiff in error for a new trial, and in attempting to enforce a judgment against him as surety on said bond, after the principal, the Williamson-Halsell-Frasier Company had been released."

The first, second, fourth and fifth assignments in error relate only to alleged errors of the court in its rulings upon the motions, none of which are a part of the record proper, and this court has repeatedly held that such matters are not a part of the record without a case made or bill of exceptions. *McMeacham v. Christy*, 3 Okla. 301; *Lookabaugh v. LeVance*, 6 Okla. 358; *City of Kingfisher v. Pratt*, 4 Okla. 284; *Menten v. Shuttee et al.* 11 Okla. 381.

None of the matters contained in these assignments of error being a part of the judgment roll, and exceptions to the rulings complained of not having been saved by bill of exceptions or case made as provided by the statutes of this Territory, we cannot consider the alleged errors complained of.

As to the third assignment of error, the record does not disclose that any application has ever been made to the probate court seeking to set aside the judgment as to McCarthy since the action was dismissed as to Williamson-Halsell-Frasier Company, nor that the court has ever passed upon that question. In fact it is not shown by the record that any application to vacate and set aside the judgment against McCarthy was ever made at any time. The application to set aside the judgment rendered in the first instance against the Williamson-Halsell-Fasier Company and McCarthy, which judgment was against them jointly and severally; was made on the part of the Williamson-Halsell-Frasier Company alone. The only application of that nature on the part of McCarthy was an application that was made to the court after a new trial was granted to the Williamson-Halsell-Frasier Company, to correct the journal entry so as to show that a new trial was granted to both.

It is not questioned but that the judgment was proper at the time it was entered in the first instance, the only claim being that the court erred in not setting aside the judgment as to the plaintiff in error after the Williamson-Halsell Fras-Company had been released from any liability, and this the court has never been asked to do.

The record discloses no error which can be reviewed by this court.

It might be well to remark that while the record does not disclose the facts, in the brief of counsel for defendant in error it is stated that injunction proceedings were commenced in the district court of Caddo county, by the plaintiff in error to enjoin the collection of this judgment against him

for the reason among others, that the dismissal of the action as to the Williamson-Halsell-Frasier Company, was a dismissal of the action as to him, and in which action it was alleged and contended by the defendant in error that the recital in the journal entry "that the defendant in error releases any cause of action against the Williamson-Halsell-Frasier Company on the bond sued on, and that the judgment should be construed as a bar on any action against the Williamson-Halsell-Frasier Company on said bond," was inserted by counsel for plaintiff in error, and that counsel for defendant in error was induced to and did sign and O. K. said journal entry upon the fraudulent representations and promises of the attorney for plaintiff in error and the Williamson-Halsell-Frasier Company, that if he would approve the said journal entry the judgment would be at once paid and satisfied. That a trial was had before the district court and a referee, and after hearing the evidence the referee found, and the court approved the finding, that the contention of the defendant was true, and that the action in the probate court was dismissed as to the Williamson-Halsell-Frasier Company without prejudice to future action. The court approved the report and finding of the referee, and denied the injunction, which judgment of the district court has never been appealed from. So that this court is asked to do the very thing the district court after a full hearing upon the facts refused.

There being no error in the record that can be properly considered by this court, the petition in error is dismissed at the costs of the plaintiff in error.

All the Justices concurring.