### DEVAULT *et al.* v. MERCHANTS' EXCH. Co.

#### No. 391.    Opinion Filed November 17, 1908

#### (98 Pac. 342.)

1.    **APPEAL AND ERROR—Case-Made—Service.** A case-made that has not been served, as provided by statute (Wilson's Rev. & Ann. St. 1903, sec. 4741), within three days after the judgment or order appealed from is entered or within the extension of time allowed by the court or judge, will not be considered.

2.    **APPEAL AND ERROR—Record—Motion to Vacate Judgment.** A motion to vacate and set aside a judgment and the order of the court thereon are not parts of the record, unless they are brought into the same by a bill of exceptions or case-made.

(Syllabus by the Court.)

*Error from District Court, Pottawatomie County; B. F. Burwell, Judge.*

Action by the Merchants' Exchange Company against H. C. Devault and S. J. Devault. Judgment for plaintiff, and defendants bring error. Dismissed.

*T. G. Cutlip,* for plaintiffs in error.
*B. B. Blakeney,* for defendant in error.

HAYES, J.    This is an action arising on contract, brought originally in the probate court of Pottawatomie county, by defend-

ant in error, who was plaintiff in that court. From a judgment against plaintiff in that court, it was appealed to the district court of Pottawatomie county, where upon default of plaintiffs in error, who were defendants in that court, judgment was rendered against them on the 11th day of October, 1904. On the 9th day of November, 1904, plaintiffs in error filed their motion to set aside and vacate the judgment of the district court of Pottawatomie county upon several grounds which it is not necessary to repeat here. This motion was on the 13th day of September, 1907, overruled by the court, and on the same day plaintiffs in error were allowed 90 days in which to make and serve a case-made. The petition in error, with case-made attached, was filed in this court on the 12th day of September, 1908.

Several assignments of error have been made in the petition filed by plaintiffs in error, but all in different language, go to the action of the court in overruling their motion to set aside and vacate the judgment rendered against them. Defendant in error has filed a motion in this court asking that the case-made attached to plaintiffs in error's petition be stricken from the files, for the reason that the same was not served within the time fixed by the order of the court. The acceptance of service of the case-made made by defendant in error and the certificate of the trial judge thereto show that the same was served upon defendant in error on the 13th day of December, 1907, 91 days after the entering of the order appealed from and one day after the expiration of the time granted by the court to plaintiffs in error within which to make and serve their case-made. Section 4741, Wilson's Rev. & Ann. St. 1903, provides that the case-made or copy thereof must, within three days after the judgment or order appealed from is entered, be served upon the opposite party or his attorney. Section 4742 provides that the court or judge may upon good cause shown extend the time for making a case-made and the time in which the same may be served. These sections of the statute have been repeatedly construed by the Supreme Court

of the territory of Oklahoma, and in *Board of Commissioners of Garfield Co. v. Porter,* 19 Okla. 173, 92 Pac. 152, in which the former decisions of that court construing said sections are well collected, the court held that, unless a case-made is served within the time prescribed by the court or judge, the same is of no validity, and will not be considered by the court.

The transcript of the record attached to plaintiffs in error's petition contains a copy of the motion of plaintiffs in error to have set aside and vacated the judgment in the court below. The order of the court on this motion is made part of the case-made. Section 4606, Wilson's Rev. & Ann. St. 1903, defines what shall constitute the record in the following language:

"The record shall be made up from the petition, the process, return, the pleadings subsequent thereto, reports, verdicts, orders, judgments, and all material acts and proceedings of the court."

A motion or an order made thereon under this section of the statute constitutes no part of the record, and cannot be reviewed by the court upon a transcript of the record, and a motion to strike the same from the transcript filed should be sustained. *United States ex rel. v. C., O. & G. Ry. Co.,* 3 Okla. 404, 41 Pac. 729; *McMechan v. Christy,* 3 Okla. 301, 41 Pac. 382; *City of Kingfisher v. Pratt,* 4 Okla. 284, 43 Pac. 1068; *Black v. Kuhn,* 6 Okla. 87, 50 Pac. 80; *Lookabaugh v. Le Vance,* 6 Okla. 358, 49 Pac. 65; *Menten v. Shuttee et al.,* 11 Okla. 387, 67 Pac. 478. The plaintiffs in error's motion to set aside and vacate the judgment is not properly part of the record because it has not been made so by the case-made, and the order of the court thereon, although made part of the case-made, cannot be considered because the case-made is invalid. The record therefore presents to this court nothing for review of which plaintiffs in error have complained in their petition.

Defendant in error's motion to strike the case-made from the files and dismiss the appeal is therefore sustained.

All the Justices concur.