GREEN *et al.* v. INCORPORATED TOWN OF YEAGER.

No. 89.   Opinion Filed January 26, 1909.

(99 Pac. 906.)

APPEAL AND ERROR—Record—Reservation of Questions.   Motic...s presented in the trial court, the rulings thereon, and exceptions thereto are not properly a part of the record, and can only be presented and preserved for review on appeal to the Supreme Court by incorporating the same in the bill of exceptions or case-made.

(Syllabus by the Court.)

*Error from District Court, Hughes County; John Caruthers, Judge.*

Action by J. O. Green and others against the Incorporated Town of Yeager.   Judgment for defendant, and plaintiffs bring error.   Dismissed.

This is an action for injunction brought in the district court of Hughes county by plaintiffs in error, as resident taxpayers of the town of Yeager in said county, to enjoin defendant in error and its officers from collecting a tax levy made upon the property of plaintiffs in error for the year 1907.   In the absence of the judge of the district court from the county, application was made to the county judge for a temporary injunction, which was by him granted.   A motion was filed by defendant in error to dissolve the temporary injunction, and the judge of the district court upon hearing said motion in chambers sustained the same and dissolved the temporary injunction.   From this order an appeal has been taken.   The appeal has been made by filing in this court a petition in error with a transcript.   No case-made is attached to the petition in error.   A motion to dismiss has been filed upon the ground that no case-made has been filed with the petition in error, and that the matters complained of by plaintiffs in error in their petition cannot be presented to this court by petition and transcript of the record.   Nothing is complained of in

the petition in error except the action of the court in sustaining the motion to dissolve the temporary injunction. Plaintiffs in error have filed an answer to the motion, and in their answer rely upon the case of *L., L. & G. Ry. Co. v. Douglas County*, 18 Kan. 169.

*Langston, Hicks & O'Niell*, for plaintiffs in error.
*Frank L. Warren* and *C. W. Miller*, for defendant in error.

HAYES, J. (after stating the facts as above). Under our statute, two methods of appeal are provided. Section 4738 of Wilson's Revised and Annotated Statutes of 1903 provides that "the plaintiff in error shall file with his petition a transcript of the proceedings containing the final judgment or order sought to be reversed, vacated or modified, or the original case-made as hereinafter provided, or a copy thereof." Under this section, the appeal may be taken by petition and a transcript or by petition and case-made. In the case at bar, the appeal is taken by the former method, and the sole question presented by the motion to dismiss is whether a motion to dissolve a temporary injunction and the order of the court thereon is a part of the record and may be presented by petition and transcript. In the case cited, *supra*, by plaintiffs in error, it seems to have been held that a motion to require plaintiffs to plead more specifically and the action of the court thereon is a part of the record and may be presented by transcript; but the rule in this jurisdiction has long been established to the contrary by the numerous decisions of the Supreme Court of the territory of Oklahoma. *McMechan v. Christy*, 3 Okla. 301, 41 Pac. 382; *City of Kingfisher v. Pratt*, 4 Okla. 284, 43 Pac. 1068; *Black v. Kuhn*, 6 Okla. 87, 50 Pac. 80; *Lookabaugh v. La Vance*, 6 Okla. 358, 49 Pac. 65; *McCarthy v. Bentley*, 16 Okla. 19, 83 Pac. 713; *Menton v. Shuttee*, 11 Okla. 381, 67 Pac. 478.

The opinion in the case last cited was a *per curiam* opinion, and in it the court uses the following language:

"This court has repeatedly held that only the petition, answer, reply, demurrers, process, orders and judgments are parts of the record, and in order to present motions, affidavits, evidence,

Vol. 23—9

instructions, and other preliminary proceedings the same must be brought into the record by bill of exceptions or case-made."

In *Lookabaugh v. La Vance, supra,* in an opinion delivered by Mr. Justice Bierer, the court held that the action of the court in overruling a motion to quash a summons or motion for change of venue or motion for continuance was not error that could be presented by transcript of the record; and the first paragraph of the syllabus in *McCarthy v. Bentley, supra,* reads:

"Motions presented in the trial court, the rulings thereon, and exceptions, are not properly part of the record, and can only be presented and preserved for review on appeal to the Supreme Court by incorporating the same into a bill of exceptions or case-made."

It is therefore unnecessary for us to investigate what the rule in Kansas under the same statute is. It has become so well established by the numerous decisions of the Supreme Court of the territory that motions and orders of the court thereon are not part of the record proper that we should feel it our duty not to disturb it, although we should find it in conflict with the rule in that state.

The petition in error in this case complains of nothing that can be reviewed on transcript, and the motion to dismiss is sustained.

All the Justices concur.