ELLIS v. AKERS *et al.*

No. 1616.   Opinion Filed February 6, 1912.

(121 Pac. 258.)

INJUNCTION — Justices of the Peace — Adequate Remedy at Law — Judgment—Validity. A. obtained a judgment against E. in the justice court, but E. for some reason failed to appeal. After the time for appeal had elapsed, he brought suit in the district court to enjoin the issuance and service of an execution on said judgment on the ground that the same was void, for the reason that the justice did not "immediately," after the verdict of the jury, enter the judgment in his docket. **Held:**

(a) Injunction will not lie, for the reason that he had an adequate remedy at law by way of appeal, which was not denied him on account of fraud, mistake of fact, accident, or some unavoidable casualty, or any act of the opposite party.

(b) The judgment, for the reason complained of, was voidable only, and not void, and in such case equity will not interfere or attempt to reform it.

(Syllabus by Robertson, C.)

*Error from District Court, Texas County;*
*R. H. Loofbourrow, Judge.*

Action by G. L. Ellis against J. A. Akers, W. H. Castleberry, and William Edens to enjoin an execution. Judgment for the defendants, and plaintiff brings error. Affirmed.

*Wm. M. Clark,* for plaintiff in error.

Opinion by ROBERTSON, C. Plaintiff in error, who was plaintiff below, filed his petition against defendants in error in the district court of Texas county on the 29th day of October, 1909, and thereby sought to enjoin the collection of a judgment in the sum of $25, entered on June 22, 1909, before W. H. Castleberry, justice of the peace, of Hooker township, Texas county, Okla., on a bill of particulars filed by John A. Akers against G. L. Ellis. Ellis appealed from said judgment to the district court, where, on motion of Akers, the appeal was dismissed. Thereafter he filed suit in the district court to enjoin

the issuance of an execution on said judgment of the justice of the peace. At the trial defendants objected to the introduction of evidence, for that the petition did not state facts sufficient to warrant the court in granting the relief sought. This objection was sustained, and the petition was dismissed. Thereafter plaintiff filed a "motion to set aside the order or judgment, and for a rehearing in the case," which motion was supported by a number of affidavits. Thereafter, on March 26, 1910, the said motion was overruled by the court, and "thirty days was allowed the plaintiff to file his appeal in the Supreme Court of the state of Oklahoma." Plaintiff in error seeks to review said judgment of the district court, and has filed in this court his petition in error, to which is attached a purported transcript. The defendants in error have filed no brief; nor have they made any appearance.

The transcript is defective, not being prepared and certified in compliance with rule 16 of this court (20 Okla. x, 95 Pac. vii) ; but, even though there were no objections to the sufficiency of the same, we are not permitted to consider the alleged errors of the trial court, for the reason that none, except the sufficiency of the petition, is presented for review by this court by the transcript. Section 5939, Comp. Laws 1909, reads:

"The record shall be made up from the petition, process, return, the pleadings subsequent thereto, reports, verdicts, orders, judgments, and all material acts and proceedings of the court," etc.

In *Tribal Development Co. et al. v. White Bros. et al.*, 28 Okla. 527, 114 Pac. 736, it is said:

"Under this statute, it has been held that motions and orders thereon are not part of the record proper, and can be made part of the appeal record only by bill of exceptions or case-made; the ruling being stated in the case of *Menten v. Shuttee et al.*, 11 Okla. 381, 67 Pac. 478, as follows: 'Motions presented in the trial court, the rulings thereon, and exceptions are not properly part of the record, and can only be preserved and presented for review on appeal by incorporating the same into a bill of exceptions or case-made. The record proper in a civil action consists of the petition, answer, reply, demurrers, process, rul-

ings, orders, and judgment; and incorporating motions, affidavits, or other papers into a transcript will not constitute them a part of the record, unless made so by a bill of exceptions. Motions and proceedings which are not part of the record proper can only be presented for review by incorporating them into a case-made, or by preserving them by bill of exceptions and embracing them in the transcript.' "

To the same·effect, see *McMechan v. Christy,* 3 Okla. 301, 41 Pac. 382; *Black v. Kuhn,* 6 Okla. 87, 50 Pac. 80; *Kingman & Co. v. Pixley,* 7 Okla. 351, 54 Pac. 494; *McCarty v. Bentley,* 16 Okla. 19, 83 Pac. 713; *Devault et al. v. Merchants' Exch. Co.,* 22 Okla. 624, 98 Pac. 342; *Green et al. v. Incorporated Town of Yeager,* 23 Okla. 128, 99 Pac. 906; *Davis v. Lammers et al.,* 23 Okla. 338, 100 Pac. 514; *Lamb et al. v. Young et al.,* 24 Okla. 614, 104 Pac. 335; *Leforce v. Andrews et al.,* 4 Ind. T. 96, 69 S. W. 812.

The only question presented by the record for the consideration of the court is the sufficiency of the petition as filed in the lower court. From an examination of the same, it appears that Akers sued Ellis before Castleberry, a justice of the peace, for damages for wrongfully interfering with his (Akers') business, which was that of an auctioneer. A trial was had before a jury, and a·verdict was rendered, June 19, 1909, in favor of Akers, and against Ellis, in the sum of $25. Ellis attempted to appeal to the district court, where, on motion of defendants, said appeal was dismissed. There is no question raised as to the jurisdiction of the justice of the peace over the subject-matter of the controversy or the persons of the parties. The only point urged by Ellis is that the judgment is void, for that the verdict was returned by the jury on June 19, 1909; whereas, the justice of the peace did not enter the same in his docket until June 22, 1909. This is denied by the answer of the defendants. However, we will not discuss this proposition at this time; for the case must turn on the question of whether or not injunction is the proper relief, admitting, for the sake of argument, the irregularity of the justice of the peace in entering the judgment.

In 1813 Chief Justice Marshall, in *Marine Ins. Co. v. Hodgson*, 7 Cranch, 332, 3 L. Ed. 362, said:

"It may with equal safety be laid down as a general rule that defense cannot be set up in equity which has been fully and fairly decided at law, although it may be the opinion of that court that the defense ought to have been sustained in law."

In Beach on Injunction (volume 1, sec. 617), it is said:

"And an injunction against a judgment will not be granted in favor of a party who, through his want of diligence, has lost his right of appeal."

In the case at bar, plaintiff in error had a right to have the judgment of the justice of the peace reviewed by an appeal to the county court, and from thence to this court. For some reason, unknown to us, he did not avail himself of this legal remedy. To grant him now the right of review, after he has ignored the remedy given him by statute, would not be warranted, and would be an invitation to litigants who, through carelessness or other insufficient reason, have ignored the provisions of statutes enacted for their benefit. Plaintiff in error does not attempt to say that he was denied his right of appeal on account of fraud, mistake of fact, or accident, or from some unavoidable casualty, or any act of the opposite party.

In *Gould v. Loughran et al.*, 19 Neb. 392, 27 N. W. 397, a case very similar to the one under consideration, in which Gould brought an action against Loughran and others to enjoin the collection of a judgment rendered against him by a justice of the peace, it appears that at the trial in the district court judgment was rendered in favor of the defendants, and the action was dismissed. In that case, Loughran brought an action against Gould before Weiss, a justice of the peace, for damages, and a default judgment was entered against the defendant on November 18th; thereafter Gould filed a motion to vacate the judgment, and asked to be let in and defend. The motion was granted, and at the second trial, on December 5th, a judgment was rendered against the defendant in the sum of $100. It was claimed that this judgment was not entered on the docket of the justice of the peace until February 28th, and was there-

fore void. The court, speaking through Maxwell, C. J., said:

"It clearly appears from the record that a judgment was actually rendered by Weiss in a case in which he had jurisdiction, and the judgment, if erroneous, can only be corrected by a direct proceeding for that purpose. If the judgment was not actually entered on the docket within the time prescribed by law, that fact may be made to appear, and, if a material error has been committed, the court, in a direct proceeding for that purpose, will correct. it. *But courts of equity do not interfere with judgments at law, unless it is made to appear that the plaintiff has a valid defense which he was unable to avail himself of by fraud, accident, or circumstances beyond his control."* (Italics ours.)

See, also, *Hendrickson v. Hinckley,* 17 How. 443, 15 L. Ed. 123; *Horn v. Queen,* 4 Neb. 108.

In *Galbraith v. Barnard,* 21 Ore. 67, 26 Pac. 1110, it was said:

"It is not enough that the judgment at law may be wrong; but some equitable circumstance must also be shown to exist to warrant the interference of equity. The failure to obtain a new trial, or to effect an appeal from accident alone, is not sufficient, unless an injustice or hardship is made to appear, or some other ground of equitable interposition, so that it would be contrary to equity and good conscience to allow the judgment to be enforced."

In 23 Cyc. 1006, it is said:

"Irregularities or errors in the time, form, or manner of the rendition or entry of a judgment furnish no ground for equity to reform or enjoin its collection, unless in cases where there is no other way of obtaining relief, or where the party has been prevented from obtaining relief at law by fraud, accident, or the act of the opposite party, without fault or neglect on his own part."

Also, on page 1031 of the same volume:

"A court of equity will not interfere with the enforcement of a judgment recovered at law, unless it is unjust and unconscionable; and therefore such relief will not be granted, unless the complainant shows that he has a good and meritorious defense to the original action. The only exception to this rule is in the case of a judgment which is absolutely void, not merely irregular or voidable, where, according to the doctrine generally

Opinion of the Court.

accepted, it is not necessary to show a defense on the merits. However, even this is not universally admitted; but some courts require a meritorious defense to be shown, even where the judgment is void."

It is therefore apparent that plaintiff in error cannot prevail in this appeal. The petition does not charge any act of fraud, mistake of fact, accident, or any act of the opposite party, whereby plaintiff in error was prevented from taking an appeal to the proper court, where the alleged errors could have been corrected. From a consideration of the pleadings in the justice court, which are embodied in the petition for injunction, it appears that the justice of the peace had jurisdiction of both subject-matter and the parties to the action below, and the cause was tried to a jury, where a full defense was made, and no complaint was made that he did not have a fair trial before the jury. The only point he urges is the fact that the judgment is void, for the reason that it was not entered by the justice in his docket immediately after the rendition of the verdict, as is provided by the statute.

From a careful examination of the entire record, we are unable to discover any error sufficient to warrant a reversal. On the contrary, it appears that the action of the district court in sustaining an objection to the introduction of the testimony was correct; and therefore the judgment should be affirmed.

By the Court: It is so ordered.