# HOMELAND REALTY CO. v. ROBISON.

No. 2934.   Opinion Filed November 11, 1913.

(136 Pac. 585.)

1. **APPEAL AND ERROR**—Record—Appeal by Transcript. Unless an alleged error appears in the record proper, it cannot be considered in an appeal by transcript.

2. **SAME**—Necessity of Bill of Exceptions or Case-Made. Errors of law occurring at the trial must be presented for review in this court, by incorporating same into a bill of exceptions or case-made.

3. **JUDGMENT**—Recitals as to Reasons for Directed Verdict. Ordinarily the reasons which may have influenced a court to direct the verdict of a jury have no place, and perform no function, in a formal journal entry of the judgment based on the verdict of the jury.

4. **TRIAL**—Direction of Verdict—State of the Evidence. Whether or not a court is justified in directing a verdict in a particular case depends upon the state of the evidence at the time of such action.

5. **APPEAL AND ERROR**—Review—Reasons for Decision. If a court directs a jury to return a verdict for plaintiff in a case, and such action was proper under the evidence, the action will be sustained, even though the court gives a wrong reason for the course taken.

6. **SAME**—Presumption. Where the evidence and the record of the proceedings occurring at the trial of the cause are not brought to this court for review, and all that is before this court are the pleadings, findings, judgments, and motions made after judgment, the presumption is that all the proceedings of the trial court are regular, that evidence was introduced without objection sufficient to support the findings of the court, and that the pleadings were treated as amended, where the case is one in which an amendment is proper.

7. **SAME**—Amendment Regarded as Made. Though there be a variance between the allegations of a petition and the facts proven without objection at the trial, yet, if it is a case where an amendment to conform to the proof should have been allowed, the judgment will not be reversed solely because of such variance.

8. **TRIAL**—Direction of Verdict—When Required. Where plaintiff introduces sufficient evidence to prove his case, and defendant's evidence does not conflict therewith, or where, considered in its most favorable light, with all legitimate inferences in its favor, it fails to present a defense, the court should direct a verdict for plaintiff.

(Syllabus by Brewer, C.)

*Error from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge.*

Action by W. R. Robison against the Homeland Realty Company. There was a directed verdict for plaintiff, and defendant brings error. Affirmed.

*Allen & Nichols,* for plaintiff in error.

*Roach & Bradley,* for defendant in error.

Opinion by BREWER, C.   This appeal is prosecuted on a transcript of the record duly certified.   Two specifications of error are urged in the brief as follows:

"(1) Said court erred in instructing the jury to return a verdict for defendant in error, and not permitting said issue to be determined by the jury, for the reason that the recovery asked for by defendant in error was for money only.   (2) Said court erred in finding that the pleadings in said cause and the facts showed the issue to be joined by the parties herein upon a written contract, when the theory of the attorneys for both the plaintiff in error and defendant in error was that the pleadings joined the issue upon an oral contract, and defendant in error had pleaded an oral contract, which had been denied by plaintiff in error, and the proof of plaintiff in error all went to the denial of an oral contract."

The first assignment of error is clearly unavailable to appellant, for the reason that the proceedings of the court and matters occurring at the trial, together with the evidence heard, are not brought here in such a way as to be considered by the court; in fact, none of the evidence is before us.   From an examination of the transcript, it does appear that evidence was submitted, and that at the close of same the jury returned a verdict in favor of the defendant in error by direction of the court. The evidence not being before us, we cannot consider whether the court acted correctly or not.   Unless an alleged error appears in the record proper, it cannot be considered in an appeal by transcript.   *Tribal Development Co. v. White Bros.,* 28 Okla. 525, 114 Pac. 736.

Errors of law occurring at the trial must be presented for review in this court by incorporating same into a bill of excep-

tions or case-made. *Menten v. Shuttee,* 11 Okla. 381, 67 Pac. 478; *McCarthy v. Bentley,* 16 Okla. 19, 83 Pac. 713; *Green v. Yeager,* 23 Okla. 128, 99 Pac. 906; *St. L. & S. F. R. Co. v. McCollum,* 23 Okla. 899, 101 Pac. 1120; *McCoy v. McCoy,* 27 Okla. 371, 112 Pac. 1040; *Ballinger v. Von Weise,* 32 Okla. 114, . 121 Pac. 250.

We do not exactly understand what the appellant means in this assignment of error, when he gives as a reason why it ought to be sustained "that the recovery asked for by the defendant in error was for money only," unless it be to point out that such causes are triable by a jury. Section 5785, Comp. Laws 1909 (Rev. Laws 1910, sec. 4993). The recovery allowed was for "money only," and it is certainly the law that, where plaintiff introduces sufficient evidence to prove his case, and defendant's evidence does not conflict therewith, or where the evidence of the defendant, considered most favorably to him, together with all legitimate inferences that may be drawn from it, utterly fails to present a defense, the court should direct a verdict for the plaintiff. *Moore v. First Nat. Bank,* 30 Okla. 623, 121 Pac. 626; *Neely v. Southwestern Cotton Oil Co.,* 13 Okla. 356, 75 Pac. 537, 64 L. R. A. 145, and authorities cited in these cases.

The second assignment grows out of a claim that there was a fatal variance between the evidence and the pleadings. This is predicated on a statement made by the court and incorporated in the journal entry of judgment by a *nunc pro tunc* entry, made July 15, 1911, correcting the original judgment of December 6, 1910. This statement seems to be for the purpose of explaining why the court directed a verdict in the case. Ordinarily the reasons which may have influenced a court to direct the verdict of a jury have no place, and perform no office, in a formal journal entry of a judgment based on the verdict of a jury. The right of the court to direct a verdict depends upon the state of the evidence when such action is taken. And, if such action was proper, it would be sustained, even though the court might give a wrong reason for the course taken. *Leahy v. I. T. Illuminating Oil Co., ante,* 135 Pac. 416; *Hodgins v. Hodgins,* 23 Okla. 625, 103 Pac. 711; 3 Cyc. 221, and notes and cases cited; *Hancock v. Youree,* 25 Okla. 460, 106 Pac. 841.

The *nunc pro tunc* order referred to must have been allowed for the sole purpose of bringing into the record the reasons for directing a verdict, after it became impossible to appeal by case-made, and thus have reviewed this action of the court. This statement of the court is as follows:

"That this cause proceeded upon the theory of the attorneys, both for the plaintiff and the defendant, that the pleadings joined the issue between the parties upon an oral contract; but the court further finds that the pleadings themselves and the facts show the issue to be joined upon a written contract, the principal of which was paid and the interest on which still remained and now remains unpaid in the sum of $718.85, with accrued interest on said amount from the 13th day of February, 1908, said accrued interest being in the sum of $125.06. The court further finds that the defense in this cause goes entirely to the denial of an oral contract for said amount; that the question of agency as raised in said pleadings in making said oral contract is immaterial for the reason, above mentioned, that said facts disclose that the recovery herein should be on a written contract. The court further finds that no defense to said written contract and interest due thereon has been made by defendants, and, upon the motion of plaintiff for a peremptory instruction in his favor, the court instructed the jury to render a verdict in favor of the plaintiff, and the following verdict was rendered by the jury," etc.

We have examined all the written contracts in this case in the light of the pleadings, and we believe it to have been possible to have based the recovery on an oral promise to pay this earned interest, which had admittedly accrued under the terms of the writings. But if it is assumed that the court was right in thinking the recovery proper only under the terms of the writings, then, in the absence of the record of what occurred at the trial, it will be presumed that evidence sufficient to sustain such recovery was introduced without objection, and that it was sufficient to support the findings the court made, and that the parties treated the pleadings as amended, so as to raise the proper issue.

The case of *Mulhall v. Mulhall*, 3 Okla. 304, 41 Pac. 109, is peculiarly in point. In that case, as here, the appeal was by transcript. The plaintiff had sued for money loaned, and the

answer, after denying this, set up the special plea that, while he had received this money from plaintiff, it had been invested by agreement of the parties in a partnership cattle business, and that the cattle were still on hand. This special plea was denied by plaintiff. The court found that in fact the money had been invested in a partnership business as defendant claimed, but that later he agreed to return the investment to the plaintiff. The claim was made there, as here, of fatal variance. The court in the opinion say:

"The evidence taken upon the trial, and the ruling thereon, not being brought into the record, we must presume that the evidence which was offered upon the trial was offered without any objection. thereto, and that it was such as would support the findings of facts which the court has made. We must presume, therefore, that the disputes between the plaintiff and defendant, involving the defendant's liability to plaintiff for this $1,500, were fully gone into upon the merits, and that, although. the plaintiff had made no amendment to his petition alleging that after this $1,500 had been invested in cattle the defendant agreed to repay him the amount of this investment and take the plaintiff's interest in the cattle, the proof was directed to this allegation, as well as to the plaintiff's allegation that he had loaned this money to the defendant in the first instance on February 16, 1893, and that no question was raised on account of the defect in the pleadings. The money involved in the controversy was evidently but the one sum. It is stated to be $1,500 in plaintiff's petition, and as having been loaned to the defendant on the 16th day of February, 1893. It is stated in defendant's answer as being $1,500, and as having been invested in cattle on the 16th day of February, 1893. The prayer of the plaintiff's petition was for the recovery of the sum of $1,500, with interest thereon, and the finding of the court is that this identical sum of money in dispute was invested in cattle on the 16th day of February, 1893, and a contract was subsequently made for the repayment of this same sum by defendant to plaintiff, and that it all grew out of the original transaction entered into by the parties on the 16th day of February, 1893. The merit of the matter lay in the question as to whether defendant owed the plaintiff the sum of $1,500, and it is but fair to presume, in the absence of the evidence, that the facts of these parties' dealings were fully inquired into on the trial, and that the proof was freely and willingly directed by both parties to the question as

to whether or not the plaintiff was entitled to receive from the defendant the sum of $1,500 on account of the business transactions which they had had concerning this $1,500.  *  *  * "

So in the case at bar plaintiff claimed $718.85 as interest due at a certain date, under the terms of two certain writings relative to two tracts of land, placed in the hands of a trustee to be sold for town-site purposes; that at the date this sum of interest had accrued a new writing was executed, which included both tracts of land, and which named a new trustee and extended the time of the performance of the contract; and that, when this new writing was executed, this accrued interest was left out of the new contract, and that defendant agreed orally to pay it to him. Defendant filed a general denial, and then set up the two first writings, also the later one, and, while admitting that $718.85 had accrued as interest on the two original writings at the date of the later one, claimed that this item of interest was taken into account in the later writing, and that it had been paid. To this plaintiff filed a general denial. So there can be no doubt but that these parties were fully aware that the only dispute between them was the answer to the question: Did defendant owe plaintiff $718.85 as interest? Plaintiff said: You do; that this sum was due under your writings, and you agreed orally when we made other writings to pay me. Defendant answers: Not so; I did owe you under the writings the exact sum you claim, but I paid you. The court says, after examining the writings and hearing all the evidence bearing on the dispute (and the third writing referred to was, as to the point involved here, so ambiguous as to admit of oral evidence to explain the intent of the parties), the defendant certainly owes plaintiff this item of interest, in the exact sum sued for, and a recovery should be had, not on the oral promise, but on the true interpretation of the writings themselves.

We do not know that oral evidence was received to explain the intent of the parties in the third writing, but it might have been, and probably was, needed to justify the court in finding what it did. This certainly presents a situation in which an amendment could have been properly allowed plaintiff, without

either injury or surprise to defendant. And we think the rule announced in the syllabus of *Mulhall v. Mulhall, supra,* to be applicable to this case. It is thus stated:

"Where the evidence and the record of the proceedings occurring on the trial of the cause are not brought to this court, but only the pleadings, finding, and conclusions of the court and the motions made after judgment, the presumption is that all of the proceedings of the court are regular, and that the pleadings were treated by the parties as amended where the case is one where an amendmnt may be allowed."

This case has been followed in *Love v. Kirkbride Drilling Co.,* 37 Okla. 804, 129 Pac. 859, where the court uses the following excerpt from the Mulhall case:

"The language of this section 135 of the Code of Procedure (Comp. Laws 1909, sec. 5675 [Rev. Laws 1910, sec. 4786]) does not say that allegations of the pleadings must be proved or else there is a failure of proof, but it is that the allegations of the claim or defense to which the proof is directed must be supported by the evidence. It matters not how informal or inaccurate the pleadings may be, if they pray the judgment which is rendered, and if the proof supports the claim or defense to which it is directed, then there is no fatal variance."

After which Sharp, C., uses the following language in the headnotes to the Love case, *supra:*

"Though there be a variance between the allegations of a petition and the facts proved on the trial, yet, if it be a case where an amendment of the petition ought to be allowed to conform it to the facts proved, the judgment will not be reversed on account of such variance."

See, also, *Robinson Co. v. Stiner,* 26 Okla. 272, 109 Pac. 238; *Alcorn v. Dennis,* 25 Okla. 137, 105 Pac. 1012; *Ryndak v. Seawell,* 13 Okla. 737, 76 Pac. 170.

The case should be affirmed.

By the Court: It is so ordered.