**DENSON, nee Frazier, v. FRAME et al.**

No. 13550—Opinion Filed March 18, 1924.

**Appeal and Error—Record Proper—Motions and Rulings.**

Motions presented in the trial court, the ruling thereon, and exceptions thereto are not properly a part of the record, and can only be presented and preserved for review on appeal to the Supreme Court by incorporating the same in the bill of exceptions or case-made.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Carter County; Thomas W. Champion, Judge.

Action by Mary Denson, nee Frazier, against Geraldine Coleman Frame and others. Judgment for defendants, and plaintiff appeals. Appeal dismissed.

Jas. R. Wood, for plaintiff in error.

Ledbetter & Ledbetter, for defendant in error.

Opinion by RUTH, C. This cause is brought to this court for review upon what purports to be a transcript of the record of the district court of Carter county.

As plaintiff and defendants occupy the same particular positions in this court as they did in the trial court, they will be so designated in this opinion.

The plaintiff makes but one assignment of error, in the following words:

"The only error assigned on this appeal is the action of the court below in sustaining the defendant's demurrers to the plaintiff's motion to vacate the judgment and in dismissing the plaintiffs said motion."

While it is apparent plaintiff secured three extensions of time within which to prepare and serve case-made, no attempt was made to bring this cause to this court for review on case-made, but plaintiff attempts to bring it here upon a transcript of the record.

Defendants file their motion to dismiss the appeal for the following reasons:

"(1) That this being an appeal by transcript instead of by case-made, this court has no jurisdiction to review the motion filed to vacate the judgment entered in 1912, in the district court of Carter county."

"(2) This court has no jurisdiction to review the order overruling the motion to vacate the judgment, which order was made in 1922."

"(3) The certificate of the court clerk is insufficient to authorize this court to review the transcript."

"(4) The brief of plaintiff in error does not set out the assignments of error as provided for by Rule 26."

No petition or process appears in the purported transcript, but we gather therefrom that some ten years after judgment a substantial "motion to vacate" such judgment was filed (although no file marks appear on any of the instruments set out in the purported transcript whereby the court may be advised the same were ever filed in the district court of Carter county). It would appear that thereafter a demurrer was filed to the substituted motion to vacate, which demurrer was by the court sustained, and the motion to vacate the judgment was overruled.

The motion to vacate nor the demurrer thereto, or the judgment of the court thereon, are incorporated in any bill of exceptions, and as the cause is not brought to this court by case-made, but by transcript, the assignment of error presented by the plaintiff cannot be considered by this court.

"This court has repeatedly held that only the petition, answer, reply, demurrers, process, orders, and judgments, are parts of

the record, and in order to present motions, affidavits, evidence, instructions, and other preliminary proceedings, the same must be brought into the record by bill of exceptions or case-made." Menten v. Shuttee, 11 Okla. 381, 67 Pac. 478; McMechan v. Christie, 3 Okla. 301, 41 Pac. 382; Black v. Kuhn, 6 Okla. 87, 50 Pac. 80; Board of Co. Com., Logan County, v. Harvey, 5 Okla. 468, 49 Pac. 1006; Lookabaugh v. Lavance, 6 Okla. 358, 49 Pac. 65; Territory ex rel. Taylor v. Caffney, 8 Okla. 193, 57 Pac. 204; Caffrey v. Overholser,8 Okla. 202, 57 Pac. 206; Glass v. Gould, 41 Okla. 424, 138 Pac. 796; St. L. & S. F. R. Co. v. McCollum & Baker, 23 Okla 899, 101 Pac. 1120; Green v. Inc. Town Yeager, 23 Okla. 128, 99 Pac. 906; Devault et al. v. Merchants Exchange Co., 22 Okla. 624, 98 Pac. 342; McCarthy v. Bently, 16 Okla. 19, 83 Pac. 713; Kingman v. Pixley, 7 Okla. 351, 54 Pac. 494; McHenry v. Spears, 82 Okla. 28, 202 Pac. 779

"The copying into the transcript of the record by the clerk of motions and the orders of the court thereon do not make them a part of the record." Fisher v. United States, 1 Okla. 253, 31 Pac. 195.

"Unless an alleged error appears in the record proper, it cannot be considered on appeal." Homeland Realty Co. v. Robison, 39 Okla. 591, 136 Pac. 585.

There being no assignment of error properly presented by the transcript, there is nothing for the court to review, and for the reason herein stated, this appeal should be dismissed.

By the Court: It is so ordered.