## WALTER E. HELLER & CO. v. BEACH.

No. 24064. March 12, 1935.

I. L. Harris, Ted R. Elliott, and John M. Lawrence, for defendant in error.

W. F. McLaury, Arthur Fitzpatrick, and George B. Forrester, for plaintiff in error.

PER CURIAM. This cause was instituted in the justice court of Carl Traub, Oklahoma City, by L. D. Beach, plaintiff, against the Elaborated Ready Roofing Company, defendant, for the collection of money due. One C. L. Crookham was indebted to the defendant, and the money so owing was attached by garnishment to satisfy a possible judgment in favor of plaintiff. Walter E. Heller & Company then obtained leave to intervene in said cause, and by its plea of intervention, claimed the money theretofore attached. Upon trial had, the justice found the issues in favor of the plaintiff and against the defendant. Intervener thereupon appealed to the district court of Oklahoma county. This appeal was dismissed by the district court for the reason that no judgment had been rendered against the intervener. Thereafter, said cause hav-

ing been returned to his court, the justice of the peace entered an order nunc pro tunc whereby an attempt was made to complete or correct his record upon the first hearing by showing that in truth and in fact judgment had been rendered in the first instance against both the defendant and intervener. Intervener then posted bond and appealed to the district court, and the district court again dismissed said cause, reciting various reasons for so doing, as follows:

(1) Because there was no final judgment.

(2) Because if there was a final judgment, the appeal came too late.

(3) Because the record of the justice of the peace in an attempt to make a nunc pro tunc order, is void.

(4) Because the appeal does not allow any order disallowing plea of intervention in justice court.

(5) Because that appeal is res adjudicata, said matter having been passed on October 30, 1931.

The intervener, Walter E. Heller & Company, then prosecuted this appeal by way of petition in error and transcript of the record, without a bill of exceptions.

Before proceeding to consider this case upon its merits, another matter which is raised by motion will be briefly mentioned. That there was some misunderstanding between the attorneys of record herein is attested by their several statements of the fact. But we are inclined to attribute these differences as having arisen because of undue zeal in the interest of their respective clients, accelerated somewhat, no doubt, by their divergent views as to the proper method of procedure, and possibly propriety also. However, it is not thought that either side is culpable to the extent of deliberately offending the other, though we would very modestly observe that lawyers should never lose sight of the fact that only gentlemen practice law.

As to the cause before us, it is well settled in this state that only the record proper may be considered in an appeal upon a transcript of the record. "Papers and files other than those which constitute the judgment roll, * * * cannot be considered," though included in a transcript. Weber v. Dillon, 7 Okla. 568, 54 P. 894.

The judgment roll includes nothing except the record proper. Only the petition, answer, reply, process, orders and judgments, are a part of the record proper, affidavits and evidence, instructions and other preliminary proceedings are not. Menton v. Shuttee et al., 11 Okla. 381, 67 P. 478.

These two cases are cited because they are early declarations of the rule uniformly adhered to by this court, without exception, to the present date. It may, therefore, be said that the naked transcript before us presents errors only, if any, appearing in the judgment roll itself. And for that purpose, and that purpose alone, it is hereby held that this cause is properly here for review.

An inspection of the transcript shows on its face that this cause was twice appealed, or attempted to be appealed, from the justice court to the district court. On the first appeal it was found, and so stated in the journal entry of judgment by the district court, that no judgment had been rendered against the intervener, Walter E. Heller & Company, in the justice court, and by reason thereof the appeal was dismissed. This judgment and decree of the district court was not appealed from, and it therefore became conclusive and final, not alone as to the parties to the action, but as to every other person, and as to this court also.

The dismissal of this appeal by the district court, as recited in the decree, as well as by operation of law, remanded and operated to remand said cause back to the justice court of Carl Traub. It then became his duty to hear and determine the issues existing between the plaintiff and intervener, and to render judgment accordingly as the facts justified. A hearing was had, at which time the justice attempted to render judgment by way of an order nunc pro tunc. It is not necessary here to determine whether under any state of the record a justice of the peace could enter a valid judgment in that manner. It is sufficient to say that he could not do so in the instant case. Whatever the justice might have theretofore in fact done, or intended to do, was the very subject of inquiry in the district court, and after consideration of that point, no doubt with every phase of the question before it, the court found:

"The court finds from the records in this case that the said Walter E. Heller & Co. have appealed this case from the justice court of one Carl Traub of Oklahoma City, Okla., on the theory that a final judgment had been rendered in the garnishment filed in said justice court and finds that no final order has been made and that the matter of the ownership of said money impounded by garnishment in said justice of the peace court has not been determined by said jus-

tice and for said reason this appeal is dismissed and this cause remanded back to the justice court of Carl Traub from where it was appealed, for further proceeding thereon."

No useful purpose would be served in referring by way of citations to the universal rule that judgments unappealed from had become final. This judgment of the district court had become final, and the justice of the peace was bound and concluded by it.

He could not, therefore, do the very thing that the district court had already found had not been done. An entry of judgment through the avenue of an order nunc pro tunc would have had the effect of spreading a judgment of record antedating the decree of the district court. This could not be done, and such attempt so to do was and is void. But he could render a judgment in the cause. He did do this. And by it he found in favor of the plaintiff and against the intervener. The judgment itself was a matter that the justice had a right to render—it was his duty so to do—but the method of spreading it of record was under the circumstances void. This judgment could only operate as a judgment as of the date of rendition, to wit, the 12th day of November, 1931. It is therefore held that the judgment of the justice of the peace in favor of the plaintiff and against the intervener was in fact rendered on the 12th day of November, 1931.

After this proceeding, and in due time, plaintiff in error, Walter E. Heller & Company, intervener below, executed an appeal bond, and the cause was again lodged in the district court. Thereafter, upon presentation to the district court, the cause was again dismissed for the reasons hereinabove stated. And it now becomes our duty to determine from the transcript before us whether or not the district court erred in so dismissing the same.

The judgment and decree of the district court is properly a part of the record in this case, and from what has already been said in the course of this opinion, it naturally follows that there was error in the action of the court in so dismissing said appeal. The district court on the second appeal was as firmly bound by its former judgment as were the parties themselves. We cannot determine upon what theory it was the second time dismissed. The reasons stated are inconsistent. The difficulty arising in the trial court seems to have been the result of a misapplication of the estab-

lished rules of practice and procedure. However, as we view the record, as hereinabove stated, the case does not involve the application of the many principles of law and procedure contended for by the parties. The real, obvious and practical office of the rules of legal procedure is to promote and assist in the orderly, expeditious and equitable disposition of matters of litigation, not to hinder and delay them. The judgment of the justice of the peace was before the district court on the second appeal. The manner in which it was sought to be entered of record was also before the court, and we believe the district court erred in its failure to hold that said judgment was properly rendered on the 12th day of November, 1931, but that the attempt to make it effective prior thereto was void.

This cause is reversed and remanded, with instructions that the district court proceed to try the issues joined between plaintiff in error, Walter E. Heller & Company, and defendant in error, L. D. Beach.

The Supreme Court acknowledges the aid of Attorneys C. J. Pinkston, T. H. Wren, and W. L. Merwine in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Pinkston and approved by Mr. Wren and Mr. Merwine, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.