## MUTUAL TRUST CO. *et al.* v. FARMERS' LOAN & SECURITY CO.

### No. 1805.    Opinion Filed November 16, 1910.

1.  **APPEAL AND ERROR—Case-Made—Expiration of Time.** After the time allowed by law or granted by the court to make and serve a case-made for the Supreme Court expires the court is without jurisdiction to allow a further extension of time for that purpose.

2.  **SAME—Case·Made as Transcript.** A certificate by the clerk of the district court attached to what purports to be a case-made signed and settled by the trial judge out of time, to the effect that the same "is a full, true and correct transcript of the case-made in the above entitled cause, as of record and on file in my office," is not sufficient to give to such case-made the stand-ing of a transcript of the record duly authenticated.

(Syllabus by the Court.)

*Error from District Court, Carter County; S. H. Russell, Judge.*

Action between the Farmers' Loan & Security Company and the Mutual Trust Company and Robert Anderson, C. M. Joiner, and E. G. Wolverton. From a judgment for the former, the trust company and others bring error. Appeal dismissed.

*W. D. Gibbs,* for plaintiffs in error.
*Bledsoe & Little,* for defendant in error.

KANE, J.    A motion to dismiss the petition in error in the above entitled cause has heretofore been overruled by this court, upon the theory that the questions for review presented were such as could be considered on a transcript of the record, and that a certain certificate by the clerk of the district court attached to what purported to be a case-made was sufficient to enable the court to examine the errors complained of.    On rehearing we are satisfied the court was in error in that regard.    The grounds upon which the motion to dismiss is based are:    First. The judgment was rendered for the defendant in error on the pleadings June 26, 1909, and on July 13, 1909, the court made an order that said case-made should be filed in the Supreme Court on or before January 1, 1910, which time expired long before the petition in error and case-made was filed in this court, and no extension of said time was ever thereafter granted.    Second.    That this court has no jurisdiction for the reason that judgment was rendered for the defendant in error against the plaintiffs in error upon motion for judgment upon the pleadings June 26, 1909, and the case-made was not served on defendant in error until September 30, 1909, and no extension of time was granted within three days from the date of judgment and not until July 13, 1909, at which time the said court was without jurisdiction to make said order or to extend the time in which a case-made could be served upon the defendant in error.

There is no serious contention that the second of the foregoing grounds is not sufficient to entitle the defendant in error to a dismissal of the petition in error, if the certificate heretofore mentioned is not sufficient to constitute what purports to be a case-made a transcript of the record.    The certificate, omitting the formal parts, is as follows:    "I, C. T. Vernon, clerk of the district court for said county, do hereby certify that the foregoing is a full, true and correct transcript of the case-made in the above entitled cause as of record and on file in my office."    We do not think this is a sufficient certificate.    A transcript of the record is entirely different from the parts of the proceeding that may be in-

cluded in a case-made. The case-made is designed to take up such parts of the proceedings below as the aggrieved party wishes to present for review, while a transcript of the record must contain everything that under the law is a part of the record proper. If the certificate was to the effect that the foregoing is a full, true and correct transcript of the record, it would have been sufficient, but in its present form we believe it added nothing to the authenticity of the case-made signed and settled by the trial judge, and in no way changed its character as a case-made.

The motion to dismiss is sustained.

All the Justices concur.