JOHN B. TURNER, CHIEF JUSTICE.
JESSE J. DUNN,
SAMUEL W. HAYES,
MATTHEW J. KANE,
R. L. WILLIAMS,

} JUSTICES.

---

NELSON *et al.* v. GLENN *et al.*

No. 2280. Opinion Filed March 21, 1911.

Rehearing Denied May 9, 1911.

(115 Pac. 471.)

**APPEAL AND ERROR—Review—Sufficiency of Evidence—Record.**
Where the errors assigned are such that, in order to review them, it would be necessary to examine the evidence introduced below, the Supreme Court cannot review the same upon a transcript of the record.

(Syllabus by the Court.)

*Error from District Court, Cleveland County; R. McMillan, Judge.*

Action by N. M. Nelson, guardian, and others, against J. M. Glenn and Bell Glenn. Judgment for defendants, and plaintiffs bring error. Dismissed.

*John L. Coffman,* for plaintiffs in error.
*Benj. F. Williams,* for defendants in error.

KANE, J.  In the court below evidence was introduced by the plaintiffs, plaintiffs in error here, and after they rested a demurrer was sustained to the same.  The plaintiffs in error seek to present the errors · complained of to this court for review by a transcript of the record.

The errors assigned are as follows:  (1) Said court erred in sustaining the demurrer of defendants in error, defendants in said court, to the evidence of plaintiffs in error, plaintiffs in said court. (2) Said court erred in refusing to render judgment for the plaintiffs in said court, plaintiffs in error, for the rent of the land in controversy for the sum of $200 for each year the same had been in the hands of the defendant J. M. Glenn, amounting to the sum of $1,600, and $300 for rent of said land for the year while he was acting as the administrator of Millie C. Clark, deceased, and $200 for timber sold from said land while in his possession, making a total of $2,100.  (3) Said court erred in failing to set aside the sales made by J. M. Glenn, the administrator of Millie C. Clark, deceased, to S. H. Glenn, his father, and by the said father back to the said J. M. Glenn, because it was clearly shown by the proof that it really was a sale by an administrator to himself indirectly.  (4) Said court erred in failing to order the land in controversy sold and the proceeds divided among the heirs of Millie C. Clark, deceased, because the proof showed that the administrator had purchased at his own sale, and was only the trustee for said heirs.

There is a motion to dismiss the appeal upon the ground that the record does not present any adverse ruling made by the court below which can be reviewed in this court upon a transcript.  We think the motion ought to be sustained.  All of the errors assigned by the plaintiffs in error are such that it would be necessary for this court to examine the evidence in order to review them.  This we cannot do, because the evidence is not made a part of the record.  It has been held by this court many times that the evidence

taken in a case is not part of the record, unless made so by bill of exceptions or case-made.

The appeal must be dismissed. It is so ordered.

All the Justices concur.