WHITE SEWING MACH. CO. v. PETERSON *et al.*

No. 1471.   Opinion Filed January 9, 1912.

(120 Pac. 655.)

**APPEAL AND ERROR** — Review — Examination of Evidence—Record.
Where the errors assigned are such that, in order to review them, it would be necessary to examine the evidence introduced at the trial, the Supreme Court cannot review the same upon a transcript of the record.

(Syllabus by Robertson, C.)

*Error from District Court, Washington County; John J. Shea, Judge.*

Action by the White Sewing Machine Company, a corporation, against R. Peterson, James Gray, O. B. Clevenger, and J. B. Hackney, to recover the sum of $1,041.64, alleged to be due on a bond. Judgment for the defendants. Plaintiff brings error. Affirmed.

*John E. Palmer* and *E. S. Browne,* for plaintiff in error.

*Montgomery & O'Meara,* for defendants in error.

Opinion by ROBERTSON, C. This is an action begun originally in the district court of Washington county, by the plaintiff in error, to recover the sum of $1,041.64 with interest, alleged to be due plaintiff by virtue of the broken conditions of a certain bond, etc., given by R. Peterson as principal, James Gray, O. B. Clevenger, and J. B. Hackney, as sureties.

Trial was had on the 15th day of January, 1910. At the close of plaintiff's testimony defendants interposed a demurrer to the evidence, which was sustained by the court and the petition was dismissed, and judgment for costs entered against the plaintiff. In the journal entry it appears that a motion for a new trial was filed on January 18th, and overruled by the court, with exceptions by the plaintiff in error, whereupon the court granted it sixty days to make and serve a case, ten days to suggest amendments, and five days to settle and sign the same. It appears that plaintiff abandoned its idea of bringing the appeal by case-made, as none has been filed in this court. On the contrary, what purports to be a transcript of the record was filed herein on March 7, 1910. This purported transcript is in the form of a case-made, and includes what purports to be the evidence given at the trial below. It has never been served on the defendant in error, or his attorney, nor has it been signed and settled by the judge, but does bear a certificate of the clerk, showing that it is a "full and complete copy of the record" in said cause. No motion for new trial is included therein, nor is the action of the court in overruling the same assigned as error in the petition in error, or treated in the brief at any place. There are six assignments of error in the petition in error, each and every one of which com-

plains of the ruling of the court in sustaining the demurrer to plaintiff's evidence, and requires an examination of the evidence in order to determine whether or not there was error in the ruling of the court.

It is a settled rule in this court that alleged errors as set up in the petition in error and relied on in the brief of the plaintiff in error, and which do not appear on the face of the record, and are not preserved by bill of exceptions or case-made, cannot be reviewed in this court. In the case at bar the only errors assigned require an examination of the evidence, and inasmuch as the same was not preserved by bill of exceptions or by case-made, this court cannot examine same.

In *Tribal Development Co. et al. v. White Bros. et al.*, 28 Okla. 525, 114 Pac. 736, it was said:

"Motions presented in the trial court, including a motion for a new trial, and the ruling thereon and exceptions taken are not a part of the record proper, and can be preserved and presented for review on appeal only by incorporating the same into a bill of exceptions or case-made."

In *Meredith, Sheriff, v. Choctaw County*, 28 Okla. 531, 111 Pac. 197, it was said:

"Where alleged errors set forth in the petition in error, and relied on in the brief of plaintiff in error, do not appear on the face of the record and the motion for the new trial, and the ruling thereon, are not preserved by bill of exceptions, or case-made, nothing is presented for review."

While in *Nelson et al. v. Glenn et al.*, 28 Okla. 575, 115 Pac. 471, it was said, in discussing an identical proposition:

"All of the errors assigned by the plaintiff in error are such that it would be necessary for this court to examine the evidence in order to review them. This we cannot do, because the evidence is not made a part of the record. It has been held by this court many times that the evidence taken in the case is not a part of the record unless made so by bill of exceptions or case-made."

No errors arising on the face of the record are complained of, in the petition in error in this case, or treated in the brief by plaintiff in error, and inasmuch as the consideration of the questions relied upon by the plaintiff in error cannot be con-

sidered by this court for the reason that the evidence in the case was not preserved and presented by case-made or bill of exceptions, as required by law, it follows that the judgment of the district court of Washington county should be affirmed.

By the Court:   It is so ordered.

All the Justices concur.