## TRIBAL DEVELOPMENT CO. v. ROFF *et al.*

No. 1435.   Opinion Filed May 14, 1912.

Rehearing Denied August 20, 1912.

Publication Withheld until September Term, 1912.

(125 Pac. 1124.)

1.   **APPEAL AND ERROR**—Reference—Findings of Fact—Correction by Trial Court. The authority of a trial court to correct findings of fact by a referee is confined to cases where the authority is given, by stipulation of parties, to cases which, under section 5811, Comp. Laws 1909, may be referred without the consent of the parties, and to equitable actions where the parties have consented to the reference; but where it appears that a referee was appointed and made a report containing findings of fact, and that the court, after examining the evidence, set his findings aside and made different findings, it will be presumed that the court had authority to take such action, unless it affirmatively appears that the court was not authorized in any of the ways above stated.

2.   **SAME**—Review—Weight of Evidence—Bill of Exceptions. Where the evidence is not preserved by case-made or bill of exceptions, no question can be considered in this court which depends upon the weight of the evidence.

(Syllabus by Rosser, C.)

*Error from District Court, McClain County;*
*R. McMillan, Judge.*

Action by the Tribal Development Company against C. L. Roff and others. Judgment for defendants, and plaintiff brings error. Affirmed.

*J. W. Hocker,* for plaintiff in error.

*J. S. Estes* and *Thorp & Thorp,* for defendants in error.

Opinion by ROSSER, C. This case is appealed from the district court of McClain county, Okla. The case has been before this court before upon a motion to dismiss appeal. The opinion can be found in 28 Okla. 525, 114 Pac. 736. The plaintiff in error presents three assignments of error as follows:

"First. The court erred in not entering judgment according to the finding of the referee; and in overruling motion for judgment *non` obstante*.

"Second. The court erred in its findings allowing judgment for White Bros.; because it was contrary to the evidence adduced.

"Third. The court erred in rendering judgment to take of the funds properly to be paid to the several mortgagees, and arising from the sale of the things mortgaged, to pay an alleged indebtedness due from Roff to White Bros., general creditors, or one who claims debt arising from a breach of contract of Roff, and not of the receiver."

Under the first assignment, the question is presented of the right of the trial court to set aside the findings of the referee, and to make different findings. This contention of the plaintiff in error is answered in the former decision of the court in this case as follows:

"It is further contended that the court, on coming to a different conclusion of law than the referee, should have re-referred the cause to the referee, with instructions to have the report made accordingly. This claim on the part of counsel cannot be sustained; for the referee's conclusions of law are no more binding upon the trial court than are the conclusions of law and judgment of the trial court binding upon this court. *Burchsett v. Hamil*, 5 Okla. 300, 47 Pac. 1053; *Martsolf v. Barnwell*, 15 Kan. 612. And it is further contended that, on the findings of fact made by the referee being challenged as unsupported by the evidence or in certain particulars, the court was without jurisdiction to examine the evidence and from it make its own findings of fact. Here, again, in our judgment, counsel are in error. The order appointing the referee, and the terms thereof, are not in the record, and hence not before us for our consideration. In this situation the judgment of the trial court on the matters depending thereon will be presumed to have supporting it essentials necessary to its validity; and if, under any reference which could have been made, either under the statute or by agreement of counsel, the trial court would have been permitted to examine the evidence and make its own findings of fact, the elements necessary to support the judgment are presumed in this court to have existed."

The second assignment, that the judgment is contrary to the evidence, cannot be considered, for the reason that the evidence

is not preserved by bill of exceptions or case-made. The case was brought here upon a transcript of the record. *Nelson v. Glenn*, 28 Okla. 575, 115 Pac. 471.

The third assignment of error cannot be considered for the same reason. The judgment of the court is that White Bros. should be paid $583.55, and there is nothing properly before this court which shows that this judgment is erroneous. There is nothing in the record showing that the judgment in favor of White Bros. is to be paid out of the funds belonging to the mortgagees, nor that it arose out of a breach of contract by Roff, and not the other receiver.

The judgment appears to be regular upon its face and is therefore affirmed.

By the Court: It is so ordered.