## GLASS *et al.* v. GOULD.

No. 3619.    Opinion Filed February 10, 1914

(138 Pac. 796.)

1.  **APPEAL AND ERROR—Record—Review on Transcript.** In an
    appeal by petition in error and transcript, errors assigned re-
    quiring an examination of the evidence cannot be reviewed, for
    the reason that the evidence is not properly preserved by the
    transcript, even though set out therein and certified by the clerk
    of the trial court.

2.  **SAME.** Errors appearing from the record proper may be re-
    viewed by this court on a transcript.

3.  **RECEIVERS—Application for Appointment—Hearing.** A judge
    of the district court in a proper case may hear an application for
    the appointment of a receiver at chambers, at a point in the
    judicial district outside of the county wherein the action is
    pending in which the receiver is asked.

(Syllabus by Galbraith, C.)

*Error from District Court, Okmulgee County;
R. C. Allen, Judge.*

Action by George F. Gould against John E. Glass and an-
other on debt and to foreclose a real estate mortgage on prop-
erty located in the city of Okmulgee. The plaintiff served notice
that he would, on a day named, present a motion and applica-
tion to the judge of the district court at Sapulpa for the appoint-
ment of a receiver to take charge of the mortgaged property. A
hearing was had and a receiver appointed, and the defendants
bring error. Affirmed.

*James M. Hays,* for plaintiffs in error.

*I. H. Cox,* for defendant in error.

Opinion by GALBRAITH, C. This is an appeal from an
order made at chambers at Sapulpa in the Twenty-second judicial
district of Oklahoma, appointing a receiver in an action pending
in the district court of Okmulgee county in said district, for
judgment on a note and to foreclose a real estate mortgage given

to secure same. The appeal is by petition in error and transcript. The assignments of error are: First, that the decision and judgment of the court is not sustained by sufficient evidence and is contrary to law. Second, that the finding and judgment of the court is contrary to law and the Constitution of the state, and not supported by legal and sufficient evidence, and for want of jurisdiction of the court to try the cause upon a motion at a point outside of Okmulgee county, Okla.

These assignments of error, it will be observed, except the latter part of the second, require an examination of the evidence for their determination. It is settled by an unbroken line of decisions of this court that the evidence introduced on the trial of a cause must be brought to this court for review by bill of exceptions or case-made, and that the evidence is not brought up by transcript, although the same is set out in the transcript and properly certified by the clerk of the trial court. The evidence offered at the hearing of the motion for the appointment of a receiver, and upon which the presiding judge appointed the receiver, not being embodied in a bill of exceptions or case-made, cannot be considered upon the transcript, and for that reason the assignments, except that challenging the jurisdiction of the court to hear the motion at chambers, outside of the county where the foreclosure suit was pending, cannot be considered.

In *McMechan v. Christy*, 3 Okla. 301, 303, 41 Pac. 382, 383, the court said:

"Upon a transcript of the record no questions can be considered, except those which appear from a consideration of the record as made in the court below, and the errors assigned not being presented upon the transcript, and no bill of exceptions or case-made having ever been filed in the court below, nothing is presented for our consideration in this case, and the judgment below is affirmed, with costs against the plaintiff in error."

Again, in *City of Kingfisher v. Pratt*, 4 Okla. 284, 43 Pac. 1068, the first paragraph of the syllabus reads as follows:

"Matters which are not by statute authorized to be made a part of the record except by case-made or bill of exceptions cannot be brought to this court on a certificate of the clerk, and errors assigned thereon."

Again, in *Homeland Realty Co. v. Robison,* 39 Okla. 591, 136 Pac. 585, it is said:

"Unless an alleged error appears in the record proper, it cannot be considered in an appeal by transcript."

And in *Menten v. Shuttee,* 11 Okla. 381, 67 Pac. 478, the second paragraph of the syllabus reads:

"The record proper in a civil action consists of the petition, answer, reply, demurrers, processes, rulings, orders, and judgments. And incorporating motions, affidavits, or other papers into a transcript will not constitute them a part of the record, unless made so by bill of exceptions."

And the third paragraph of the syllabus reads:

"Motions and proceedings which are not part of the record proper can only be presented for review by incorporating them into a case-made, or by preserving them by bill of exceptions and embracing them in the transcript."

See, also, *Lookabaugh v. La Vance,* 6 Okla. 358, 49 Pac. 65; *Kingman & Co. v. Pixley,* 7 Okla. 351, 54 Pac. 494; *Belcher v. Wasson,* 13 Okla. 648, 75 Pac. 1131.

In *Nelson v. Glenn,* 28 Okla. 575, 576, 115 Pac. 471, it is said by Mr. Justice Kane, speaking for the court:

"All of the errors assigned by the plaintiffs in error are such that it would be necessary for this court to examine the evidence in order to review them. This we cannot do, because the evidence is not made a part of the record. It has been held by this court many times that the evidence taken in the case is not part of the record, unless made so by bill of exceptions or case-made."

See, also, *Tribal Development Co. v. Roff et al.,* 36 Okla. 74, 125 Pac. 1124.

It thus appears that the only question that is presented by the record in this case for determination by this court is whether or not the presiding judge of the Twenty-second judicial district had authority to hear the motion and application for the appointment of a receiver outside of Okmulgee county, where the foreclosure suit was pending. Section 4979, Rev. Laws 1910, authorizes a judge of the district court to appoint a receiver "in actions by mortgagee for the foreclosure of his mortgage and sale of the mortgaged property," etc. If the judge can make

the appointment, he can, as a matter of course, hear motions to make the appointment at chambers. No reason appears why he could not hear this application and make the appointment—exercise the jurisdiction invoked—at chambers, at Sapulpa, which is a part of the Twenty-second judicial district, just as well as at Okmulgee. It is shown that notice was duly given of the time and place that the application for the appointment of receiver would be made; that the defendants in the mortgage foreclosure suit were present by counsel and resisted the application; that the application and motion were heard and the appointment made. It thus appears that the judge had jurisdiction to make the appointment at chambers at Sapulpa. See *Grayson v. Perryman*, 25 Okla. 339, 106 Pac. 954.

No sufficient reason appears for reversing the order appealed from, and we therefore recommend that it be affirmed.

By the Court: It is so ordered.