## McHENRY et al. v. SPEARS et al.

No. 10325—Opinion Filed Nov. 22, 1921.

(Syllabus.)

1. **Appeal and Error—Transcript of Record —Case-Made.**

Where plaintiff in error assigns as error the overruling of the motion for new trial and in not rendering judgment for plaintiff in error on the pleadings, this court will not consider the same on an appeal upon a transcript, unless the same be brought into the record by bill of exceptions or case-made.

2. **Same—"Record Proper."**

The record properly consists of the petition, answer, reply, demurrer, process, orders, and judgments, and in order to present motions, affidavits, evidence, or instructions, and have the rulings on the same reviewed by this court, the same must be brought into the record by bill of exceptions or case-made.

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action by Emma Spears against D. D. McHenry and others for use and occupancy of land, etc. Judgment for plaintiff, and defendants McHenry bring error. Affirmed.

P. E. Winter, for plaintiffs in error.

Twyford & Smith and John P. Hampton, for defendants in error.

McNEILL, J. Emma Spears commenced this action in the district court of Oklahoma county against D. D. McHenry and Edna G. McHenry and W. A. McKee, alleging that the McHenrys became indebted to A. E. Gregory and Mrs. A. M. Gregory for the use and occupancy of certain lots belonging to the Gregorys, of the reasonable rental value of $40 per month, or a total sum of $600. The petition further alleged that W. A. McKee had placed the defendants in possession of said premises and executed a bond agreeing to hold them harmless from damages if they should pay rent to him, and asked that judgment be rendered against him for the amount. It is further alleged that A. E. Gregory and Mrs. A. M. Gregory had assigned their claim to the plaintiff. The second cause of action is for suit against D. D. McHenry in the sum of $30 on a note.

The McHenrys answered, which answer constituted practically a general denial, and further pleaded that they had been garnished in another action and they referred to their answer in that case and asked that the cases be consolidated in so far as their rights were concerned, and admitted they owed $300 for rents and tendered the same into court, and asked the court to determine whom the same should be delivered to. Defendant McKee filed answer and cross-petition. The plaintiff replied to the answers by way of general denial.

A jury was empaneled to try said cause, and during the trial the plaintiff dismissed her cause of action against the defendant McKee, and the case proceeded against the defendants McHenry, and the jury returned

a verdict in favor of the plaintiff and against the defendants, and the court rendered judgment on the verdict of the jury in favor of the plaintiff and against the defendants. Defendants filed a motion for new trial, which was overruled. Defendants appealed by transcript, there being no case-made nor bill of exceptions contained in the record.

The brief of plaintiffs in error contains eight separate and distinct assignments of error, only two of which are briefed and which will be considered by the court. The first and second assignments of error are that the court erred in overruling the motion for new trial and in not rendering judgment for plaintiffs in error on the pleadings. This assignment cannot be considered by the court. This court, in the case of Collins v. Garvey, 67 Oklahoma, 171 Pac. 330, stated as follows:

"Where the only errors alleged are in overruling the motion for new trial, and in not rendering judgment for plaintiff in error on pleadings, this court will not consider same upon a transcript of the record and in the absence of a case-made."

The other assignment of error briefed is that the court erred during the trial of the case in permitting the plaintiff to dismiss her cause of action against the defendant W. A. McKee. During the trial the plaintiff moved to dismiss her cause of action against McKee, which was granted. The defendants McHenry objected to the dismissal of the cause, which objection was overruled, but no exception taken thereto. This motion and ruling thereon, although appearing in the transcript, are likewise no part of the transcript.

In the case of Menton v. Shuttee, 11 Okla. 381, 67 Pac. 478, the court stated:

"This court has repeatedly held that only the petition, answer, reply, demurrers, process, orders, and judgments, are part of the record, and in order to present motions, affidavits, evidence, instructions, and other preliminary proceedings, the same must be brought into the record by bill of exceptions or case-made."

This court, in the case of Green v. Incorporated Town of Yeager, 23 Okla. 128, 99 Pac. 906, stated as follows:

"Motions presented in the trial court, the rulings thereon, and exceptions thereto are not properly a part of the record, and can only be presented and preserved for review on appeal to the Supreme Court by incorporating the same in the bill of exceptions or case-made."

See, also, Whitaker v. Chestnut, 65 Okla. 122, 165 Pac. 160; Williams v. Kelly, 71 Oklahoma, 176 Pac. 204.

These are the only assignments of error briefed, and the questions presented by said assignments of error cannot be considered by this court on the transcript. The judgment will be affirmed.

HARRISON, C. J., and PITCHFORD, ELTING, and KENNAMER, JJ., concur.