## ANDERSON v. MIDDLE TENNESSEE GAS & OIL CO.

No. 12836—Opinion Filed Jan. 15, 1924.

Rehearing Denied March 11, 1924.

1. **Appeal and Error—Case-Made—Expiration of Time.**

After the time allowed by law or granted by the court to make and serve a case-made for the Supreme Court expires, the court is without jurisdiction to allow a further extension of time for that purpose." Mutual Trust Co. et al. v. Farmers' Loan & Security Co., 27 Okla. 414, 112 Pac. 967.

2. **Same—Review on Transcript—Evidence.**

A certified transcript is not sufficient to give this court jurisdiction to consider questions requiring an examination of the evidence.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Murray County; T. P. Clay, Judge.

Action by Middle Tennessee Gas & Oil Company against John L. Anderson. Judgment for plaintiff, and defendant brings error. Appeal dismissed.

John H. Haste, J. C. Powell, and John T. Young, for plaintiff in error.

Broadbent & Rawlings, for defendant in error.

Opinion by THREADGILL, C. This is an appeal by the plaintiff in error from a judgment of the district court of Murray county in favor of the defendant in error. The plaintiff in error filed his motion for new trial and on May 19, 1921, the court overruled the same, and plaintiff in error gave notice of appeal and was granted 120 days from that date in which to prepare and serve his case-made, ten days in which to suggest amendments, and the same to be signed and settled on five days notice. The 120 days expired on September 16, 1921, during which time the case-made was not served on the defendant in error and there was no order of the court extending the time. On October 17, 1921, being 31 days after the expiration of the time given for preparing and serving the case-made, the plaintiff in error obtained an order of court extending the time to October 29, 1921, and on this date the case-made was served on the defendants in error, and, after other formalities, was filed in this court. The defendant in error raises the question of jurisdiction on the ground that the case-made was not served within the 120 days given for this purpose nor was the time extended by order of the court during the said 120 days, and that the court had no jurisdiction to make the order of October 17, 1921, and therefore no jurisdiction is conferred upon this court and the appeal should be dismissed.

We are forced to agree with this contention on the following authorities: McCoy v. McCoy et al., 27 Okla. 371, 112 Pac. 1040; Lathis v. Schlack, 27 Okla. 522, 112 Pac. 968; Mutual Trust Company et al. v. Farmers' Loan & Security Company, 27 Okla. 414, 112 Pac. 967.

The case-made is a nullity, but there is in the record a certificate of the court clerk as to the correctness of the transcript of the record; however, since the only question urged by the brief of the plaintiff in error is the sufficiency of the testimony to support the judgment, we cannot consider the questions urged by the plaintiff in error, since errors involving the testimony are no part of the transcript and can only be considered by case-made, and we, therefore, recommend that the appeal be dismissed.

By the Court: It is so ordered.