**FIRST NAT. BANK v. LIBERTY NAT. BANK et al.**

No. 14592—Opinion Filed Jan. 22, 1924.

(Syllabus.)

1. **Appeal and Error—Case-Made—Time for Service—Dismissal.**

Where the plaintiff in error fails to make and serve case-made within the time allowed by law or within some lawful order of the trial court for serving the same, the Supreme Court cannot consider any errors occurring at the trial, although said record is certified by transcript, and no error appearing in the record proper, the appeal will be dismissed.

2. **Appeal and Error—Record—Vacation of Judgment.**

Where the trial court vacates a judgment, and the evidence is sufficient to support the judgment upon any theory, the order of the court will not be reversed upon appeal.

Error from County Court, Tulsa County; John P. Boyd, Judge.

Action by First National Bank of Sand Springs against Gordon Grady and another, with garnishment against the Liberty National Bank of Tulsa and another. Judgment for plaintiff vacated, and it brings error. Affirmed.

Boone & Mason and Ben Axley, for plaintiff in error.

West & Petry and Bell & Fellows, for defendants in error.

McNEILL, J. The First National Bank of Sand Springs commenced an action in the county court of Tulsa county against Gordon Grady and Frances Brady, and garnishee proceedings against Liberty National Bank and Security State Bank of Tulsa. All the parties made default, and on September 23, 1922, judgment was rendered against the garnishees in the sum of $750. On December 9th, the Liberty National Bank filed a motion to vacate said judgment. On the 14th day of March, 1923, the court sustained said motion and vacated said judgment. The plaintiff gave notice of appeal. On the 16th day of March, plaintiff filed a motion for new trial, which was overruled on the 17th day of March, 1923. Plaintiff gave notice of appeal in open court and was granted 30 days in which to make and serve case-made, and defendant ten days to suggest amendments. The record disclosed that no case-made was served on the attorneys for the Liberty National Bank until the 5th day of July, 1923. The Liberty National Bank filed a motion to dismiss the appeal in so far as it is concerned, for the reason that no case was served within the time provided by law, or within the time allowed by order of the trial court. This court in a long line of cases had held that:

"Where the plaintiff in error fails to make and serve case-made within the time allowed by law or within some lawful order of the trial court there is nothing before this court for review."

While the record certified is a transcript, yet it brings nothing before this court for review, as the motion to vacate, the evidence, and the motion for new trial constitute no part of the record unless made so by bill of exceptions. See McHenry v. Spears, 84 Okla. 28, 202 Pac. 779.

For the reasons stated, the appeal as far as the Liberty National Bank is concerned is dismissed.

In the same case, on April 5, 1923, the Security State Bank filed its motion to vacate the judgment as to it. This motion came on for hearing on the 7th day of May, and the court sustained said motion. A motion for new trial was filed and overruled and the plaintiff has appealed. In so far as the Security State Bank is concerned, one of the grounds for vacating said judgment was that the summons was not served upon any person upon whom service might be legally served. The record disclosed that summons was served upon E. C. Pickens. There is evidence in the record that Picens was not an officer, cashier or

assistant cashier of the bank at the time of the service, although the record disclosed that he was an officer of the Security State Bank at the date of the service of summons. Upon what ground the court vacated the judgment does not appear; there is sufficient evidence to support the judgment or order upon the theory that no proper service was had upon the garnishee.

Finding no reversible error in the record the judgment of the trial court is affirmed.

JOHNSON, C. J., and KENNAMER, COCHRAN, BRANSON, and MASON, JJ., concur.