## OKMULGEE SECURITIES CO. v. OSAGE OIL & REFINING CO. et al.

No. 12823—Opinion Filed June 9, 1925.

### Appeal and Error—Invalidity of Case-Made Not Served in Time.

A purported case-made, which is not served within fifteen days after the judgment or order appealed from is entered, or within an extension of time duly allowed, is a nullity, and cannot be considered by this court.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Oklahoma County; George W. Clark, Judge.

Action by the Okmulgee Securities Company against the Osage Oil & Refining Company and J. T. Whitehead, for conversion of a stock certificate. Judgment for defendants, and plaintiff appeals. Dismissed.

John Caruthers, for plaintiff in error.

W. N. Redwine, for defendants in error.

Opinion by RUTH, C. Action by the plaintiff against the defendants for conversion of certificate of stock No. 22, of the Osage Oil & Refining Company. The cause was tried to the court, and judgment rendered for defendants.

Plaintiff filed its motion for a new trial on May 14, 1921, the court overruled the motion for a new trial, and plaintiff filed its motion of intention to appeal to this court. The court thereupon granted plaintiff an extension of time of 90 days after May 14, 1921, within which to prepare and serve a case-made, and this time expired August 12, 1921. On August 11, 1921, the court granted the plaintiff an additional 30 days, and the time so granted expired on September 11, 1921, and on September 8, 1921, the court granted plaintiff an additional ten days to make and serve the case-made, which time expired on September 21, 1921.

The record discloses the case-made was not served upon the defendants within the time allowed by the court, and where a purported case-made is not served within 15 days after the judgment or order appealed from is entered or within an extension of time duly allowed, it is a nullity, and cannot be considered by the Supreme Court. First National Bank v. Liberty National Bank, 96 Okla. 300, 222 Pac. 665; Hoggard v. Conservative Loan Co., 101 Okla. 14, 222 Pac. 674; Berry v. Penter, 98 Okla. 56, 223 Pac. 617; Anderson v. Middle Tenn. Gas & Oil Co., 98 Okla. 67, 223 Pac. 863.

Where the time for making and serving a case-made has elapsed, the judge is without power to extend the time for that purpose or to settle and sign a case which may thereafter be presented (Abel v. Blair, 3 Okla. 399, 41 Pac. 342; Polson v. Purcell, 4 Okla. 93, 46 Pac. 578), and though the case-made be settled and signed by the trial judge after the expiration of the time granted for serving same, it is a nullity, and confers no jurisdiction on the Supreme Court to hear and determine the errors complained of, and on motion the appeal will be dismissed. Bowers v. Lawrence, 88 Okla. 31, 210 Pac. 1023.

The record showing the time for serving the case-made expired on September 21, 1921, and that the same was not served on the defendant until September 22, 1921, this appeal should be dismissed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 352; 2 R. C. L. pp. 158, 159; I R. C. L. Supp. p. 418.