## CHASE v. STATE.

No. 19650. Opinion Filed March 12, 1929.

Franklin H. Griggs and Roach & Roach, for plaintiff in error.

Byron Kirkpatrick, Christy Russell, and D. C. Arnold, for defendant in error.

PER CURIAM. This action was instituted in the county court of Tulsa county upon complaint of Irene Byrnes, charging E. M. Chase with being the father of her unborn child, which child, if born alive, would be a bastard. The defendant, E. M. Chase, entered a plea of not guilty, but on December 9, 1927, withdrew his plea of not guilty and entered a plea of guilty, and upon such plea the court entered a judgment of guilty and that the defendant should pay to Irene Byrnes the sum of $750; $50 of which to be paid forthwith and the remainder to be paid in monthly installments of $50 each. Thereafter, on June 14, 1928, the defendant, Chase, filed his motion to vacate and set aside the judgment upon the grounds that the court was without jurisdiction to enter the judgment so entered on December 9, 1927. This motion was by the trial court overruled on the 16th day of July, 1928. The proceedings of the trial court were prepared and served as a case-made, but were not settled and signed by the trial judge as such. The clerk of the trial court certified to the same as a full, true, correct, and complete transcript of the record. This certificate brings the record prepared, when attached to the petition in error, into this court, but there is no bill of exceptions incorporated therein. The motion to vacate the judgment of December 9, 1927, and the order overruling the same are no part of the record unless so made so by bill of exceptions or case-made. McHenry v. Spears, 84 Okla. 28, 202 Pac. 779; Alexander v. Jacobs, 101 Okla. 149, 224 Pac. 527. The alleged errors in the petition in error based upon the action of the trial court in overruling the motion to vacate the judgment cannot be reviewed upon transcript, under the rule announced in Davis v. DeGeer, 91 Okla. 111, 216 Pac. 157, and cases therein cited.

The petition in error presents as error

the action of the trial court in permitting the plea of not guilty to be withdrawn and plea of guilty entered by anyone other than the defendant when the cause stood for trial and a jury had been waived, and also that the court exceeded its jurisdiction in entering the judgment of December 9, 1927. These alleged errors might be reviewed upon transcript, if appealed from within time allowed by law. The judgment was rendered on December 9, 1927; the petition in error with transcript attached was filed in this court August 14, 1928. Under provisions of section 798, C. O. S. 1921, requiring proceedings in error to be commenced within six months from the rendition of the judgment complained of, the appeal was not lodged in this court in time, nor did the filing of the motion to vacate the judgment extend the time in which to file appeal. Brigham et al. v. Davis, 126 Okla. 90, 258 Pac. 740; Showalter v. Hampton, 122 Okla. 192, 253 Pac. 105.

Applying the foregoing rules, long followed by this court, to the condition of the record in this case, there is nothing before this court for review, and the appeal is dismissed.

Note.—See 3 C. J. §1074, p. 1066, n. 27; 4 C. J. §1769, p. 161, n. 77, 78; §1775, p. 167, n. 29.