## VIRGINIA TRUST CO. v. BURNETT et al.

No. 19057.    Opinion Filed Feb. 3, 1931.

Samuel A. Boorstin, J. F. Conway, and J. D. Johnston, for plaintiff in error.

Streeter Speakman and Dan O'Dell, for defendants in error.

ANDREWS, J. This cause is before this court on the petition in error of the Virginia Trust Company, a corporation, as trustee, plaintiff in error, and Ethel P. Burnett, D. R. Burnett, Sapulpa Petroleum Company, a corporation, and J. A. Fulp, as receiver of the Sapulpa Petroleum Company, a corporation, defendants in error, to which is attached an instrument denominated a case-made.

The instrument is not a case-made, in that the signature and certificate of the trial judge thereto affixed was not and is not attested by the court clerk, as required by section 785, C. O. S. 1921, as construed by this court in Hillery v. Cox, 125 Okla. 124, 256 Pac. 915, and an unbroken line of decisions. The instrument not being a case-made under the rule stated, it is unnecessary to discuss other facts showing that it is not a case-made.

The instrument contained a certificate of the court clerk certifying it to be a complete transcript of the record and proceedings in the cause.

Under the rule followed by this court, although the instrument offered may not constitute a case-made, yet if attached thereto there is a certificate of the court clerk which is sufficient to present a transcript of the record, all questions that are presented by the transcript of the record, where exceptions were saved, are properly presented for consideration by this court. Davis v. De-Geer, 91 Okla. 111, 216 Pac. 156.

Attached to this instrument is a certificate of the court clerk certifying it to be a complete transcript of the record and proceedings in the cause, the original of which are on file and of record in his office. There is much contained in the instrument that may not be presented on a transcript, in the absence of a bill of exceptions, and there is no bill of exceptions.

Section 688, C. O. S. 1921, provides what shall constitute the record, and this court has many times construed that section and determined what should constitute a record under those provisions. McHenry v. Spears, 84 Okla. 28, 202 Pac. 779, Billington v. Grayson, 59 Okla. 182, 158 Pac. 433, and a long line of decisions.

The question then presents itself: What portion of this record, if any, may be considered on this appeal? The judgment roll discloses that the judgment was rendered upon a "stipulation as to certain facts in the case" and "evidence supplementary thereto." A portion of the journal entry reads as follows:

"Thereupon, Virginia Trust Company, trustee, and Ethel P. Burnett and D. R. Burnett, filed and introduced in evidence a stipulation as to certain facts in the case and introduced other evidence supplemental thereto, and all parties rested their case."

A motion for new trial was filed by the Virginia Trust Company and overruled, and the first specification of error in the petition in error is the overruling of the motion for new trial. That error, if any, cannot be reviewed on an appeal by transcript. Shinn v. Hoopes, 96 Okla. 105, 220 Pac. 470.

Since the judgment roll shows the judgment rendered after a trial at which evidence was introduced, and since that evidence is not preserved in a bill of exceptions or case-made, neither the evidence nor any question depending upon the evidence is presented to this court by this transcript. Anderson v. Middle Tennessee Gas & Oil Co., 98 Okla. 67, 223 Pac. 863; Glass v. Gould, 41 Okla. 424, 138 Pac. 796.

It is here contended that the entire evidence consisted of an agreed statement of facts and that under the rule stated by this court in Patterson v. Carter, 83 Okla. 70, 200 Pac. 855, and followed in Wright v. Lamb, 108 Okla. 16, 232 Pac. 373, the agreed statement of facts may be reviewed on a transcript of the record.

That contention is supported neither by the record nor the decisions cited. The record shows that the judgment was rendered on a stipulation as to certain facts in the case and evidence supplemental thereto.

That evidence appears in the instrument without a certificate of the court reporter, on pages 105 to 136, inclusive. At the conclusion thereof and on page 137 appears the following, "The foregoing is all the evidence that was introduced in the trial of this case." There was no "agreed statement of facts submitted to the court upon which to render judgment" as in Wright v. Lamb, supra. Here there was a stipulation of facts and, in the language of the record, "in addition to the stipulation of facts hereinbefore referred to, the parties introduce the following evidence herein, to wit. * * *" That was followed by parol testimony. In Wright v. Lamb, Id., the question before the district court was whether or not the report of the guardian of an Osage Indian should be approved by the district court. The parties in open court stipulated:

"That the only objection to the approval of said report is as above stated, that the Superintendent of the Osage Indian Agency contends that under the law a guardian cannot spend more than one thousand dollars a quarter except as specified in the Act of March 3, 1921."

Nor was there such an agreed statement of facts as existed in the record reviewed by this court in Patterson v. Carter, supra. There, there was no trial. The cause was submitted to the trial court "upon an agreed statement of facts," and the judgment of the court was rendered "after carefully reading the agreed statement of facts." The record in that case discloses that when the issues were made up by the pleadings there was filed an agreed statement of facts and a stipulation that the cause should be submitted to the trial court upon the briefs filed in the case. There was no trial and no evidence offered, and the court in that case in the journal entry said:

"Now, on this the 6th day of December, 1919, this cause came on to be heard, together with cause No. 3160, upon an agreed statement of facts by and between plaintiff and the defendants, and upon briefs filed in this cause by the plaintiff and the defendants; and the court having read the pleadings, the agreed statement of facts, and the briefs of both the plaintiff and defendants, and being fully advised in the premises, finds. * * *"

The record in neither of the cases relied upon by the plaintiff in error showed a condition similar to that disclosed by the instrument filed in this case as a case-made.

There is another and controlling reason why neither the stipulation as to certain facts nor the evidence supplemental thereto can be considered by this court on this transcript. The instrument shows that on the day of the trial the Virginia Trust Company and Ethel P. Burnett and D. R. Burnett entered into "a stipulation of facts in this case." It was not signed or agreed to by the Sapulpa Petroleum Company, or by anyone for the Sapulpa Petroleum Company. When it was presented to the trial court, it was with a statement as follows:

"It is probably necessary that the court give sanction or authority to the receiver to enter into this stipulation of facts."

That occurred at the trial, and on that day the district court granted permission to the receiver to join in the stipulation. That was evidently a matter occurring at the trial and no part of the record and, not having been presented by a bill of exceptions or case-made, cannot be considered by this court. So far as the record shown by the transcript goes, there was no agreed statement of facts and no stipulation as to the facts on the part of the Sapulpa Petroleum Company. The instrument speaks for itself and at the end thereof contains the following:

"With permission of the court first obtained, J. A. Fulp, receiver of the Sapulpa Petroleum Company, and his attorney of record, hereby join in the stipulation and agreement hereinabove set forth, which is entered into between the Virginia Trust Company, Ethel P. Burnett, and D. R. Burnett.

"Witness my hand this the 29 day of July, 1927.

"J. A. Fulp, Receiver,
"O. K. O'Mara & Silverman,
"Attorneys for Receiver and the Sapulpa Petroleum Company.

"Permission to join in the above stipulation is hereby granted to the receiver this the 29 day of July, 1927.

"Fred A. Speakman,
"District Judge."

The plaintiff in error in its brief says:

"In fact the only evidence that was not admitted by the stipulation was the testimony of B. C. Burnett, who was asked the broad question whether the stipulation was true and correct, for the purpose of binding any and all parties who did not present themselves and participate such as any other creditors who might have had a right to participate by presenting evidence and did not appear. This was done therefore only for the purpose of binding absent, nonappearing and defaulting other creditors and did not affect or enlarge the facts or the stipulation, but on the contrary was a blanket question as to whether the stipulation was true."

Here is a direct admission that testimony was introduced in support of the stipulation

as to certain facts in order that the evidence in the case might be binding upon certain persons which includes the corporation, Sapulpa Petroleum Company, which company did not execute the instrument relied upon.

In the first brief filed by the plaintiff in error appears this statement:

"The mortgagor in its application of receiver to the court for advice has admitted its insolvency and disclaims any further interest in the result of the litigation, so that the issues presented to the court for determination resolve themselves into a question of priority as to the creditor's claims as between the mortgagee and the judgment creditors."

The application of the receiver to the court for advice and the order made thereon are not part of the record and were not brought to this court by transcript.

The contention of the plaintiff in error amounts to this, that notwithstanding the judgment roll shows the judgment to have been rendered on a stipulation as to certain facts in the case and other evidence supplemental thereto, this court should review the judgment of the trial court because the evidence was in fact submitted to the trial court on an agreed statement of facts without other evidence. We could so hold only after reviewing the evidence introduced and determining that there was nothing therein in conflict with that contained in the stipulation as to certain facts. That would require a review of the evidence and the evidence is not before the court. We cannot find from the evidence that the trial court was in error in holding that the judgment was based on evidence supplementary to the stipulation as to certain facts for the reason that the evidence is not before us. To do that would require a review of something not brought to this court by the transcript, to wit, the evidence in the case.

In the language of this court in Hillery v. Cox, supra:

"The evidence introduced in the trial in the court below is no part of the record, unless brought up on a bill of exceptions or case-made, and where the appeal to this court is by transcript and the errors assigned are such as can only be presented by case-made or bill of exceptions, nothing is presented for review and the case will be dismissed."

The errors herein assigned are such as can only be presented by case-made or a bill of exceptions, and, nothing being presented for review by the transcript herein, the appeal is dismissed.

LESTER. C. J.. CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWIN- DALL, and McNEILL, JJ., concur. LANGLEY, J., absent.