## JANES v. TOMILSON.
No. 24872.   Oct. 29, 1935.

Madden & Hubbell, for plaintiff in error.

John F. Thomas, for defendant in error.

PER CURIAM. This cause is before this court upon the petition in error of G. M. Janes. Attached to the petition in error is an instrument denominated "Case-made." This instrument is certified by the clerk of the court below as "a full, true, complete and correct transcript of the record," the certificate being dated June 30, 1933. Following this certificate is an acknowledgment of service of the "case-made," which acknowledgment is signed by the attorney for the defendant in error and dated July 1, 1933. Next is a stipulation of the attorneys for the parties in which they "hereby waive the suggestion of any amendments to the within and foregoing case-made and accept the same as a full, true, complete and correct case-made in said cause and consent that the same may be settled and signed by the judge who tried said cause at any time or place which may suit his convenience without further notice." The next and last page of the instrument is the certificate of the trial judge, dated July 8, 1933, certifying that in view of the stipulation he does sign and settle the said case-made. This certificate is not attested by the court clerk, nor does it bear the seal of the court.

In the case of Virginia Trust Co. v. Burnett et al., 147 Okla. 165, 296 P. 458, and in many other decisions this court has held:

"Where an instrument purporting to be a case-made is filed in this court as an exhibit to a petition in error, and the instrument shows that the signature of the trial judge to the certificate therein was not attested by the court clerk, and the seal of the court was not attached thereto, the same is insufficient to constitute a case-made under the provisions of section 785, C. O. S. 1921."

It therefore appears that the instrument in the instant case does not constitute a case-made unless the same is sufficient by reason of an act passed by the Legislature in 1931 (Laws 1931, c. 2, art. 4), which act provides (sec. 531a, O. S. 1931):

"In any and all cases hereafter where an appeal is taken from any county, superior or district court to the Supreme Court or the Criminal Court of Appeals of this state, and in any and all cases where such an appeal has been begun, but not yet perfected, if all parties to the appeal, or their attorneys, stipulate and agree in writing, and incorporate the same in the record of case-made, to the effect that the record or case-made is a full, true and correct record of the proceedings therein, and that the settlement and signing by the court or judge is waived, such settling, certifying and signing by the judge, shall not be necessary; and it shall then be sufficient for the clerk of the court from which the appeal is taken to certify, under the seal of the court, and to incorporate such certificate in the record or case-made, to the effect that the record or case-made is a full, true and correct record of the pro-

ceedings therein, according to the records and files in his office; and the record or case-made shall thereupon be filed with the papers in the case, and all other and further proceedings had and done therewith as is now provided by the law for a record or case-made settled, certified and signed by the court or judge; and said written stipulation and agreement shall have the same force and effect as the settlement, signing and certificate by the judge. Provided, however, that nothing in this act contained shall be construed as changing the manner in which or the time within which a record or case-made shall be made and served and amendments thereto suggested or the time within which the same shall be filed in the court to which the appeal is taken, as now provided by the law; and provided, further, that in the absence of such written stipulation or agreement the record of case-made shall be settled, certified and signed by the court or judge in the same manner and within the same time as now otherwise provided by law."

It will be noted that the act requires the parties or their attorneys to stipulate "that the settlement and signing by the court or judge is waived." It further requires that after the stipulation is entered into the clerk must certify that "the record or case-made is a full, true and correct record of the proceedings therein, according to the records and files in his office."

In this case the parties did not by their stipulation waive the settlement and signing by the trial court. Nor did the clerk, subsequent to the stipulation, make the certificate required by the act. It is true that prior to the stipulation the clerk certified that the instrument contained a true and correct "transcript of the record." But this certificate is the one provided for in section 532, O. S. 1931, and it is only necessary when the plaintiff in error wishes to bring before this court for review the bare record of the case in the court below. It is therefore apparent that there has been no compliance with section 531a, supra.

Plaintiff in error urges as error of the trial court matters which may not be reviewed upon a transcript of the record. His chief complaint is of the instructions to the jury. Even if this court could consider those instructions, it would appear that no exceptions thereto were reserved.

For the reasons given, the appeal is dismissed.

The Supreme Court acknowledges the aid of Attorneys Stephen Chandler, John Cantrell, and Mart D. Brown in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Chandler and approved by Mr. Cantrell and Mr. Brown, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, CORN, and GIBSON, JJ., concur.