**Ollie Mae OWENS, James Rollie Owens, and Jim Cherry, Intervener, Plaintiffs in Error,**

v.

**Russell B. MacMILLAN, d/b/a Key Electric Company, Defendant in Error.**

No. 35531.

Supreme Court of Oklahoma.
April 23, 1957.

S. S. Lawrence, Tulsa, for plaintiffs in error.

George E. Brewer, Tulsa, for defendant in error.

BLACKBIRD, Justice.

On October 12, 1951, in Cause No. 82656 of the District Court of Tulsa County, Russell B. MacMillan, d/b/a Key Electric Company, recovered judgment, as plaintiff, against Ollie Mae and James Rollie Owens, as defendants, in the principal sum of $64 (which is agreed to have been for labor performed upon certain described real estate), together with interest on said sum, and the further sum of $150, as plaintiff's attorney's fee. Said judgment also established said sums as liens against the property. Within a month thereafter, one Jim Cherry, calling himself an "intervener", filed a motion in said cause to vacate said judgment, alleging that in a certain named action in the Common Pleas Court of Tulsa County, a judgment foreclosing a real estate mortgage on the same property had theretofore been rendered on December 8, 1950, and that thereafter, on July 30, 1951, he had purchased said real estate at a mortgage foreclosure sale ordered therein, and, by reason thereof, obtained a sheriff's deed to said premises on August 21, 1951, which was filed of record on August 23, 1951. In said motion, Cherry further alleged that the contract upon which the afore-named electric dealer's judgment in Cause No. 82656, was based, was not entered into with the Owens until after the mortgage foreclosure judgment was rendered, and that said dealer's lien statement was not filed (according to the allegations of his petition in said cause) until August 25, 1951, which was the second day after Cherry had filed his Sheriff's deed for record. Cherry further alleged that he had no notice of the electric dealer's lien claim at the time he purchased the property. He further pleaded not only that he was an innocent purchaser for value, but that the electric dealer's judgment purporting to foreclose his labor lien against said property was void, as he, the record owner of said property, was not made a party to said action. On the basis of the foregoing, Cherry prayed, among other things, that the electric dealer's lien foreclosure judgment be vacated as a cloud upon his title to the property.

Thereafter, Mr. Owens, one of the defendants in Cause No. 82656, supra, also filed a motion to vacate. In his motion, he reiterated Cherry's theory that the electric dealer's claimed lien had, previous to the entry of judgment therein, been extinguished by the aforesaid mortgage foreclosure judgment. Although he alleged in his motion that the electric dealer's representation in said Cause No. 82656 that he had a valid lien, when in truth he did not, was constructive fraud, Owens did not specifically pray that said judgment be vacated except the part thereof that purported to

render judgment for the electric dealer's attorney's fee of $150.00, which said movant alleged to be excessive, unreasonable and fraudulent.

Before the separate hearings on the above-described motions to vacate, the afore-named electric dealer, hereafter referred to as respondent, filed in said cause an instrument releasing his judgment as a lien on the real estate involved, disclaiming all right, title and interest in said property, and purporting to quitclaim, to Cherry, any interest he might have therein.

At the close of the hearing on Cherry's motion to vacate, the trial court entered judgment overruling it in toto. At the close of the hearing on Owens' Motion to vacate, the court overruled it as to general vacation of respondent's labor lien judgment, but reduced the amount therein awarded the latter for his attorney's fee, from $150 to $100.

From said judgment, Owens and Cherry have joined in this appeal, and will hereinafter be referred to as movants. They herein reiterate the position they took in their separate motions in the trial court that legally the respondent could have had no labor lien on the property involved, at the time he filed his lien statement therefor on August 25, 1951, because same had then been extinguished by the real estate mortgage foreclosure judgment previously rendered in the Common Pleas Court action as aforesaid. As far as this appeal is concerned, however, movants' said position can only be based on the allegations of their motions. This appeal is not by casemade, but by a transcript which contains none of the evidence, if any, introduced in the trial court. Nor does the transcript contain any findings of fact by said court. The only reference therein as to any proof, or facts, upon which said court's judgments may have been based is the statement in the journal entry of the order overruling Cherry's motion that: " * * * it being stipulated and agreed by and between the parties that the motion of the intervener correctly states a part of the

facts and record * * *". In this state of the record, and in the absence of any claim that the judgment, movants sought to have vacated, was void on its face, all of the presumptions of correctness ordinarily attending judgments of courts of record must be indulged in favor of the judgments herein appealed from; and this appeal presents nothing for review. Virginia Trust Co. v. Burnett, 147 Okl. 165, 296 P. 458. Therefore, said judgment is affirmed.

CORN, V. C. J., and DAVISON, HALLEY, JOHNSON, WILLIAMS and JACKSON, JJ., concur.